J. & H. GARAGE, INC., Respondent, v. H. FLOW CORPORATION and Another, Appellants, Impleaded with STANDARD OIL COMPANY OF NEW YORK and Others, Defendants.*

First Department, December 28, 1928.

* Affd., 251 N. Y. ——.

*Ralph C. Taylor,* for the appellant H. Flow Corporation.

*A. Engel* of counsel [*Engel Brothers,* attorneys], for the appellant 116th Street Holding Corporation.

*George P. Halperin* of counsel [*Daniel Katz* with him on the brief; *Barron, Rice & Rockmore,* attorneys], for the respondent.

FINCH, J.   The single question presented by this appeal is whether a sum stipulated in the lease to be liquidated damages should be adjudged to be recoverable as a penalty.

Defendants, appellants, appeal from a decree awarding plaintiff a lien for $10,000, with interest and costs, upon garage property owned by the defendant H. Flow Corporation.   The lease, among other things, contained the following applicable provision: " The parties of the second part have this day deposited with the party of the first part the sum of $10,000, the receipt whereof is hereby acknowledged, to be held by the party of the first part as security for the faithful performance of all the terms, covenants and conditions in this lease contained, it being expressly understood and agreed that if the parties of the second part surrender said premises or are dispossessed therefrom prior to the expiration of this lease, that in that event said sum of Ten thousand Dollars ($10,000) shall belong to said party of the first part as liquidated damages, and the parties hereto stipulate to treat said deposit as such liquidated damages because they cannot ascertain the exact amount of damage which the party of the first part would sustain in the event of any breach or violation hereunder.   If, however, all terms, covenants and conditions are fully complied with, then in that event $5,000 of the said security shall be applied by the landlord in equal proportion for last six months of the term and $5,000 shall be returned to the parties of the second part or their assigns at the expiration of the term of this lease; such security, however, shall not bear any interest.   In the meantime, said security in the sum of $10,000 is hereby deemed a lien upon said premises, subject, however, to $125,000 subordination hereinafter provided."

It is to be noted that the lease provides that this sum shall be treated as liquidated damages only if the premises are surrendered or the tenant is dispossessed therefrom prior to the expiration of the lease.   In the case at bar the plaintiff was dispossessed for non-payment of rent.

The general principles of law governing the construction of a lease providing for liquidated damages are as follows: Equity, in

order to do justice at a time when justice had become overridden by legal formalism and love of logic, established the principle of granting relief from penalties and forfeitures. This principle, as applied to an agreement in a lease for a sum certain to become liquidated damages, does not raise a presumption that such a sum is a penalty. On the contrary, when the parties to such a lease are competent to contract, their intention will be carried out unless the court can see that the stipulated sum, although denominated " liquidated damages," is but a cloak of language to attempt to hide a sum which is out of proportion to, and differs greatly from, the actual damages which would in the ordinary course be suffered. If, however, said sum is not out of proportion to or does not differ greatly from the damages which would be suffered in the ordinary course of events, a court of equity cannot say that this sum is a penalty rather than damages as expressly liquidated by the parties to the contract, and there is no right to interfere. In *Mosler Safe Co.* v. *Maiden Lane S. D. Co.* (199 N. Y. 479), Judge GRAY, writing for the court, said: " Parties to contracts have the right to insert any stipulations that may be agreed to; provided that they be neither unconscionable, nor contrary to public policy. No rule of law forbids them from agreeing between themselves with respect to the anticipatory damages, which shall be occasioned by the failure to complete the contract within the time specified. * * * In *Ward* v. *Hudson River Building Co.* (125 N. Y. 230), this question was discussed upon the authorities and we considered it difficult to lay down any general rule, applicable to all cases. It was said that, where parties ' have stipulated for a payment in liquidation of damages, which are in their nature uncertain and unascertainable with exactness, and may be dependent upon extrinsic considerations and circumstances, and the amount is not, on the face of the contract, out of all proportion to the probable loss, it will be treated as liquidated damages.' " (See, also, *United States* v. *Bethlehem Steel Co.*, 205 U. S. 105; *Sun Printing & Publishing Assn.* v. *Moore*, 183 id. 642.)

Judged by these principles, the sum fixed as liquidated damages in the case at bar, in the event of surrender or dispossession, was not out of proportion to the damages to be suffered. The total rent was $19,000 a year, or at the rate of $1,583 a month. The vacating of the premises would, in the ordinary course, entail several months' loss of rent. Also there would be the necessity as in the ordinary case, of making repairs to the premises when a tenant leaves and as demanded by a new tenant. It follows that the sum of $10,000 provided as liquidated damages, in accordance with the terms of the lease, cannot be said to differ so greatly from the damages suffered in the ordinary course as to require the court

to disregard the express stipulation of the parties and to hold the sum recoverable as a penalty.

It follows that the judgment should be reversed, with costs, and judgment granted in favor of the defendants, with costs.

DOWLING, P. J., MCAVOY, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed, with costs, and judgment directed in favor of the defendants, with costs. Settle order on notice reversing findings inconsistent with this determination and containing such new findings of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.