BENJAMIN H. WEISBERG and Others, Appellants, v. BENJAMIN BLISS and Another, Respondents.

First Department, May 2, 1930.

*Julius B. Sheftel* of counsel [*J. Seymour Solomon*, attorney], for the appellants.

*Morris L. Levine* of counsel [*Jacob Weinberger*, attorney], for the respondents.

O'MALLEY, J.   In January, 1928, the plaintiff B. Bliss Co., Inc., was engaged in the legging business in New York city.   A dispute concerning the management of the corporation had resulted in a proceeding in the Supreme Court for its dissolution.   The differences between all the parties concerned were compromised by an agreement which is the basis of this suit.

In this agreement the plaintiffs Weisberg were the parties of the first part; the defendants and two others, parties of the second part; and the plaintiff B. Bliss Co., Inc., party of the third part. It was provided that the differences were to be compromised and settled by the sale of the shareholdings of the parties of the second part to the parties of the first part, and that a substantial part of the purchase price was for the good will and name of the Bliss Company and that the purchase of said good will and name was of the essence of the agreement.   The purchase price was fixed in the sum of $6,000 over and above the book value of the shareholdings of the parties of the second part.

This action is particularly predicated upon paragraph 10 of the agreement, in which, so far as material, the parties of the second part covenanted not to use or cause to be used the four names of B. Bliss Co., Inc., Benjamin Bliss, Bliss, or I. Goldberg, in connection

with a firm or concern engaged in any legging business in which the parties of the second part are directly or indirectly interested; in connection with any business, making or selling a commodity sold as leggings as a part of a set; in connection with advertising of leggings or of a commodity sold with leggings as a part of a set; not to advertise any legging business under any one or more of said names, or to advertise any business making or selling a commodity sold with leggings; not to use said four names in connection with the selling, retailing, jobbing or manufacturing of any product of any firm, partnership or corporation engaged in the sale of leggings produced by a firm employing the parties of the second part or with which any of them might be associated, or which might be engaged in the sale of a commodity sold with leggings as a part of a set; not to circularize or advertise the severance by any of the parties of the second part of their relationship with B. Bliss Co., Inc.; not to disclose their identities except by personal business card or ordinary business stationery or correspondence; not to circularize or advertise any personal card of any of the parties of the second part showing his connection with a firm whose name is one of the four stated; not to have any printing on personal cards which would show the former connection of any of the parties of the second part with B. Bliss Co., Inc.; nor procure a legging business to be done at 44 West Twenty-eighth street, New York city, or any other address in which the B. Bliss Co., Inc., should have established itself.

Paragraph 10 further provided as follows: " It is the intention of the parties hereto, by the terms of this agreement, to give to the parties of the first part an unconditional right and interest to the good will and name of B. Bliss Co., Inc. * * * and, it being difficult and /or impossible to ascertain what damages might accrue to the parties of the first part and the party of the third part by reason of such breach or violation of any one or more of the covenants contained in this paragraph, it is expressly understood and agreed that should such violation or breach occur, the guilty party or parties of the second part shall be jointly and severally liable to the parties of the first part and the party of the third part in the sum of $6,000 as liquidated damages in addition to such injunctive relief as the parties of the first and third parts may be entitled. Nothing herein contained, however, shall be construed to prevent any one or more of the parties of the second part to engage in the legging business, provided, nevertheless, none of the covenants herein are in any way violated or breached."

Due to technical difficulties of proof, the plaintiffs failed in establishing certain violations of this agreement on the part of the

defendants. We are of opinion, however, that the proof was sufficient to find a violation in three particulars.

Shortly after the execution of the agreement the defendants entered the employ of the Broadway Legging Corporation, engaged in the manufacture and sale of leggings at 30 West Twenty-sixth street, New York city, in which they and a relative own fifty per cent of the stock. On the ground floor in front of the building there was placed a sign of the Broadway Legging Corporation, manufacturers of leggings. At the right end of this sign, but forming a part thereof, was a legend reading, " B. Bliss Children's Wind Breakers," the most prominent part of which was " B. Bliss." On a sign appearing on the entrance door to the offices of the Broadway Legging Corporation on the sixth floor there appeared the sign " Broadway Legging Corp." and underneath it there appeared " B. Bliss." It further appears that under date of May 18, 1928, the Broadway Legging Corporaticn sent out a circular letter to the trade, at the top of which appeared the words " B. Bliss, Pres."

In these three instances the defendants were guilty of violating the restrictive terms of the agreement in question. Particularly is this so when it is remembered that unlike the usual restrictive covenants these defendants were permitted to engage in a competing legging business. The restrictive covenants, therefore, should be the more faithfully performed by the defendants. The essence of the agreement was that the good will of B. Bliss Co., Inc., was to be acquired and retained by the plaintiffs. Accordingly, it was most important that the name " B. Bliss " be not in any way used by these defendants, nor the use thereof by any other party countenanced by them.

While the first two violations set forth have apparently been discontinued since the institution of this suit, it does not clearly appear that the trade letters similar to the one above detailed have been withdrawn from circulation. If any event, in the circumstances disclosed, we are of opinion that an injunction should have issued.

The provision in the paragraph of the agreement quoted with respect to liquidated damages in the amount of $6,000 in the event of any violation or breach of any one or more of the covenants therein contained may not here be enforced. The essence of the agreement concerned itself with the good will of the Bliss Company. Some of its covenants do not appear to have such relation to the essence of the agreement as to lead to the conclusion that a violation of any single one would result in damages in the amount of $6,000. Particularly is this so when the $6,000 is equal to the

sum paid by these plaintiffs over and above the value of the share-holdings of the other parties. This case is, therefore, to be distinguished from *J. & H. Garage, Inc.,* v. *Flow Corporation* (225 App. Div. 65; affd., 251 N. Y. 553). There the sum stipulated as liquidated damages was for a violation not of any single one of the covenants but only in the event of two contingencies, either or both of which were clearly important.

It is further to be noted that upon the trial here no actual damage was sought to be proved by the plaintiffs. As it is possible but not probable, that the violations might have resulted in damage to the plaintiffs, they may have a reference in this respect, if they so desire, such reference to be directed in the order to be settled herein.

It follows that the judgment appealed from should be reversed, with costs, and that a judgment should be entered in favor of plaintiffs in conformity herewith, with costs.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Judgment reversed, with costs, and judgment ordered in favor of plaintiffs as directed in opinion, with costs. Settle order on notice, reversing findings inconsistent with this determination and containing such new findings of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.