LENCO, INC., Appellant, *v.* HARRY HIRSCHFELD, Respondent.

Landlord and tenant — lease — dispossession of tenant for non-payment of rent and reletting of premises — action to recover balance of deposit to secure performance of lease after deducting rent due, premature — recovery must abide liquidation of loss — liability for deficiency an incident to right to re-enter and relet — not cut down by statement as to consequences of abandonment — deposit not liquidated damages but penalty where forfeiture results from unimportant breach of covenant.

1. An action is prematurely brought to recover so much of a deposit made by a tenant to secure the performance of the covenants of a long term lease as is left after deducting what was due for rent at the time a warrant to dispossess was issued in summary proceedings for non-payment of rent, where it appears that the lease had still more than twenty years to run and the landlord, on resuming possession, made diligent effort to relet but was unable to do so for two years,

when he relet for plaintiff's account at a lower rental.   The recovery of the deposit must abide the liquidation of the loss.

2. A contention that liability for loss of rental has not survived the issuing of the warrant in summary proceedings, except as to rent already owing at that time, and that the right to relet for the account of the lessee is limited to the case of a voluntary abandonment, cannot be sustained, where, after enumerating many contingencies, including " summary or dispossess proceedings," in which the landlord may take and hold possession as if no lease had been made, the lease provides " in *any* such case, the lessor may at its option relet said premises, as agent of the lessee, the lessee remaining liable for loss or damage resulting from such abandonment."   Liability for a deficiency follows as an incident to the right to re-enter and relet and is not cut down by the statement of the consequences that would result from an abandonment.

3. An argument by defendant that, in any event, the deposit may be retained as liquidated damages must fail.   The lease is so drafted that a breach of any covenant, however minute or unimportant, is to bring upon the tenant loss of the entire security.   Viewed as an attempt to liquidate the damages, the provision is, therefore, ineffective as amounting to a penalty.   (*Seidletz* v. *Auerbach*, 230 N. Y. 167, followed.)

*Lenco, Inc.*, v. *Hirschfeld*, 220 App. Div. 761, affirmed.

(Argued December 15, 1927; decided January 10, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 31, 1927, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

*E. Crosby Kindleberger* for appellant.   The lease did not extend liability of the tenant beyond the issuance and service of the warrant in the dispossess proceedings and the action was not prematurely brought.   (Civ. Prac. Act, § 1434; *Mann* v. *Munch Brewery*, 225 N. Y. 189; *Kottler* v. *N. Y. Bargain House*, 242 N. Y. 28; *Michaels* v. *Fishel*, 169 N. Y. 381; *Caesar* v. *Rubinson*, 174 N. Y. 492; *Cornwall* v. *Sanford*, 222 N. Y. 248; *Swerdlow* v. *Harrow*, 213 App. Div. 521; *Terwilliger* v. *Browning, King & Co.*, 222 N. Y. 47; *Fine* v. *Fensterman*, 124 Misc.

Rep. 178; *Martin* v. *Moulton*, 200 N. Y. Supp. 213; *Fleischer* v. *Friob*, 97 Misc. Rep. 343; 177 App. Div. 921; *Stimpson* v. *Minsker Realty Co.*, 177 App. Div. 536.) The defendant's resumption of possession of the hotel and his running of it for two years was equivalent to the acceptance of a surrender of the lease. (*Saracena* v. *Preisler*, 180 App. Div. 348; *Gray* v. *Kaufman Dairy & Ice Cream Co.*, 9 App. Div. 119; *Sancourt Realty Corporation* v. *Dowling*, 220 App. Div. 660; *Kottler* v. *New York Bargain House*, 242 N. Y. 28.) The clause of the lease under which the security was held by the defendant must be construed as providing for a penalty and not as liquidated damages. (*Brady* v. *Erlanger*, 188 App. Div. 728; 231 N. Y. 562; *City of New York* v. *B. & M. Ferry Co.*, 238 N. Y. 52; *Seidlitz* v. *Auerbach*, 230 N. Y. 167; *Caesar* v. *Rubinson*, 174 N. Y. 492; *Feinsot* v. *Burstein*, 161 App. Div. 651; 213 N. Y. 703; *Stimpson* v. *Minsker Realty Co.*, 177 App. Div. 536; *884 West End Avenue Corporation* v. *Pearlman*, 201 App. Div. 12; 234 N. Y. 589.) Upon the complaint and opening statement the plaintiff was clearly entitled to recover not only the deposit, less the unpaid rent, but also the rental of the rooms during its occupancy of the hotel, the prepaid fire insurance, and the value of the permanent improvements to the hotel. (*Ford* v. *Knapp*, 102 N. Y. 135; *Satterlee* v. *Koble*, 173 N. Y. 91; *Lyons National Bank* v. *Shules*, 199 N. Y. 405.)

*Terence J. McManus* and *Hugo I. Epstein* for respondent. The deposit which is the subject-matter of this action was given as security for the performance of covenants which, by the express terms of the lease, survived the issuance and execution of the warrant in summary dispossess proceedings for non-payment of rent. The security so given may be held by the landlord, the defendant, until the term demised as fixed in the lease has expired; and this action, commenced prior thereto,

is premature. (*Halpern* v. *Manhattan Ave. Theatre Corp.*, 173 App. Div. 610; 220 N. Y. 655; *Sockloff* v. *Burstein*, 177 App. Div. 471; *Henochstein* v. *Nachman*, 218 App. Div. 673; *Anzolone* v. *Paskusz*, 96 App. Div. 188; *Reshen* v. *Rosewell Realty Co.*, 199 N. Y. Supp. 77; *Blumberg* v. *Corday*, 160 N. Y. Supp. 613; *Michaels* v. *Fishel*, 169 N. Y. 381; *McCready* v. *Lindenborn*, 172 N. Y. 400; *Markman* v. *451-455 Grand St. Corp.*, 168 N. Y. Supp. 522.) The defendant's right to retain the deposit until the term demised as fixed in the lease has expired was not terminated by its resumption of possession and operation of the hotel after the defendant was dispossessed therefrom for non-payment of rent. (*Halpern* v. *Manhattan Ave. Theatre Corp.*, 173 App. Div. 610; 220 N. Y. 655; *Sockloff* v. *Burstein*, 177 App. Div. 471; *Markman* v. *451-455 Grand St. Corp.*, 168 N. Y. Supp. 522.) The deposit clause of the lease in suit is a valid provision for liquidated damages. In any event, the defendant is entitled to retain the deposit as security until the end of the term demised as fixed in the lease. (*Halpern* v. *Manhattan Theatre Corp.*, 173 App. Div. 610; 220 N. Y. 655; *Stimpson* v. *Minsker Realty Co.*, 177 App. Div. 536; *Caesar* v. *Rubinson*, 174 N. Y. 492; *Dunn* v. *Morgenthau*, 73 App. Div. 147; 175 N. Y. 518.) The complaint and opening statement show no right in the plaintiff to recover the deposit, the rent of the rooms during plaintiff's occupancy of the hotel, the prepaid fire insurance, and the permanent improvements to the hotel, less only the unpaid rent. (*Walton* v. *Meeks*, 41 Hun, 311; 120 N. Y. 79.)

CARDOZO, Ch. J. This action is brought to recover a deposit made by a tenant to secure the performance of the covenants of a lease. The lease was to continue until December 31, 1944. Long before that date, on June 15, 1924, the landlord caused the tenant to be ejected in summary proceedings for non-payment of rent. The building was a hotel, and the landlord, on resuming posses-

sion, continued to run the business until another tenant could be found. After an interval of two years, on June 15, 1926, he relet, at a lower rental, for plaintiff's account. The question is whether the plaintiff may recover so much of the deposit as is left after deducting what was due when the warrant to dispossess was issued.

Two sections of the lease must be quoted and considered before the question can be answered. The first has to do with the effect of a re-entry; the second has relation to the use of the security.

The lease (which covered not only the hotel, but the furnishings and other personal property therein) contains the following provisions as to the effect of a re-entry whether by summary proceedings or otherwise:

" In the event of non-payment by the lessee of any instalment of rent, or of any taxes, water rates, or assessments or any other payments herein required, in accordance with the provisions of this lease: or if the demised premises be abandoned or vacated by the lessee during the term hereof; the lessor may forthwith terminate this lease, and have the right to re-enter and repossess the said premises by force, summary or dispossess proceedings, surrender or otherwise, and to dispossess and remove therefrom any and all occupants and their effects, without being liable to any prosecution therefor, and to hold said premises as if this lease had not been made; and in any such case, the lessor may, at its option relet said premises, as agent of the lessee, the lessee remaining liable for loss or damage resulting from such abandonment. The lessee hereby expressly waives, in behalf of itself and all persons claiming under it, all rights of notice to quit or intention to re-enter under the provisions of any statute or of this lease, in case of such abandonment."

The following are the provisions as to the use of the security:

Such security [describing it] " is to be held by the lessor as security for the lessee's faithful performance of

and compliance with, all the terms, covenants and conditions of this lease on his part. If the lessee fails to comply with the terms, covenants and conditions hereof, and this lease is thereby terminated, then and in that event the said money and securities so deposited shall belong to the lessor, as fixed, liquidated and agreed damages; it being agreed that said deposit shall be treated as liquidated damages because the parties hereto cannot ascertain the exact amount of damage that the lessor will sustain in the event of any breach or violation by the lessee of its undertakings herein referred to; it being expressly understood, however, that said security shall not be considered as payment for any rent due or to become due by reason of these presents."

The plaintiff insists that the liability for loss of rental has not survived the issuing of the warrant in summary proceedings except as to rent already owing at that time. The argument is that the right to relet for the account of the lessee is limited to cases where a vacancy exists as the result of a voluntary abandonment, and does not apply where the lessee is put out against his will. This is a construction too narrow to prevail. The lease enumerates many contingencies, including " summary or dispossess proceedings," in which the landlord may hold possession as if no lease had been made, and then adds: " in *any* such case, the lessor may at its option relet said premises, as agent of the lessee, the lessee remaining liable for loss or damage resulting from such abandonment." Liability for a deficiency would follow if the lease had provided for a reletting by the landlord as agent of the tenant, and had stopped at that point. We think it was not cut down by adding a statement of the consequences that would result from an abandonment. This is so whether the word abandonment be taken as confined to a case of a voluntary vacancy or as including any case where the tenant has so acted as to bring upon

4

himself a forfeiture of the term.    If confined to a voluntary vacancy, the meaning may be that in addition to liability for the deficiency as fixed by a reletting, there shall remain a liability for damage occasioned to the hotel or its furnishings by the lack of a custodian.    If extended to all vacancies, voluntary or involuntary, the result is merely to define the effect of a reletting.  Whichever meaning is adopted, the privilege belongs to the landlord " in any case " of re-entry to relet as agent for the tenant. Liability for a deficiency follows as an incident.

In thus holding we give the tenant the benefit of an assumption that there is a duty on the landlord to exercise his option with reasonable celerity.    In that view unnecessary delay may be evidence of an election to renounce the privilege of reletting and remain the occupant himself (*Saracena* v. *Preisler*, 180 App. Div. 348, 353). Even if this be so, there is no duty, while endeavoring to relet, to leave the premises in idleness, thereby destroying the good will, and aggravating the loss.    We are to remember that after re-entry for breach of a condition the landlord in reletting is not an agent in a true sense, since the term is at an end (*Kottler* v. *N. Y. Bargain House, Inc.*, 242 N. Y. 28, 33).    He is merely using a prescribed method to ascertain the damage (*Kottler* v. *N. Y. Bargain House, Inc.*, supra, at p. 33; *Hall* v. *Gould*, 13 N. Y. 127; *Moore* v. *Potter*, 155 N. Y. 481, 488).    The tenant does not dispute the landlord's statement that there was diligent effort to relet at the best rent to be obtained.    A building so considerable cannot be leased over night.    Nothing in the record justifies the conclusion that the option to relet was extinguished or abandoned (*Kottler* v. *N. Y. Bargain House, Inc.*, supra, at pp. 35, 36).

We conclude that the present action is premature, and that the recovery of the deposit must abide the liquidation of the loss (*Halpern* v. *Man. Ave. Theatre Corp.*, 173 App. Div. 610; 220 N. Y. 655).

The defendant makes the point that without reference to any loss either through a reletting or through other causes, the deposit may be retained as liquidated damages. We think the point must fail. Viewed as an attempt to liquidate the damages, the provision is one for a penalty within the ruling of this court in *Seidlitz* v. *Auerbach* (230 N. Y. 167). The lease is so drafted that a breach of any covenant, however minute or unimportant, is to bring down upon the tenant the loss of the entire security. A different situation would be here if the deposit had been accepted as the liquidated measure of the loss of future rents (*Hackenheimer* v. *Kurtzmann*, 235 N. Y. 57). There is no token of an intention that it should be so accepted or confined. On the contrary, the provision that the deposit shall be retained as liquidated damages is coupled with the statement of an understanding that " said security shall not be considered as payment for any rent due or to become due by reason of these presents." The judgment in this action in favor of the defendant is, therefore, without prejudice to the maintenance of another action for the recovery of the deposit or some part thereof when the time shall arrive for the ascertainment of the loss.

The plaintiff makes claim, aside from the deposit, to $2,000, rents collected by the defendant from guests of the hotel for the use of rooms while the plaintiff was in possession as lessee. The claim is valid so far as it goes, but it is offset by a counterclaim in favor of the defendant for more than $12,000 of rent as to which the plaintiff was in arrears when possession was surrendered.

The judgment should be affirmed with costs.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed, etc.