thereof. It was further provided that the covenants therein contained, to be kept and performed by the tenant and each or all of them, should survive the issuance of a precept or the issuance of a warrant in summary proceedings. The lease by its terms was to extend to June 1, 1941. On February 17, 1926, the landlord instituted summary proceedings for non-payment of rent, together with taxes and other charges and a final order awarding it possession was made March 1, 1926. The landlord by the judgment here appealed from has obtained a judgment against the tenant for rent and the amount of certain charges which by other provisions of the lease were to be made part of the rent. These charges had accrued prior to the termination of the lease by summary proceedings. The cause of action on which this judgment is predicated was prematurely brought. It is clear that any action brought to recover damages accruing after the termination of the lease under paragraph 15 thereof could not be instituted until the time set in the lease for its expiration, to wit, June 1, 1941. (Lenco, Inc., v. Hirschfeld, 247 N. Y. 44; Hermitage Co. v. Levine, 248 id. 333.) Moreover, the lease itself provided that it would be impossible to determine what damage, if any, the landlord might sustain by reason " of any breach " on the part of the tenant until such time. The items here recovered are only part of the damages arising from the tenant's breach of the covenants of the lease. Ordinarily they would constitute all of such damages but by the provisions of the instrument the damages are to be measured by circumstances that will arise after its termination by summary proceedings. The landlord, however, should not be permitted to split up a cause of action in any such manner. It would be manifestly unfair to permit such under the present circumstances, for execution could be satisfied out of the $25,000 security contrary to the plain intent of the terms under which such security for damages was deposited. This case falls within the spirit, if not the letter, of the authority above cited. I, therefore, vote for a reversal in so far as judgment on the counterclaim has been allowed.

HYMAN H. GOLDBERG, Respondent, v. ARTHUR BLANK and Another, Individually and as Copartners Trading under the Firm Name and Style of CONSOLIDATED GAS IRON COMPANY, Appellants.

No opinion. Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ.; Proskauer, J., dissents.

PROSKAUER, J. (dissenting). In my opinion the referee incorrectly and inexactly fixed the items " Collection expense on old accounts collected up to Dec. 19, 1925," " Overhead, including surcharge, involved in the collection of said accounts up to Dec. 19, 1925," and " Proportion of overhead expense allowed on collection of old accounts " after December 19, 1925. These items should have been fixed respectively at $5,199.20, $8,074.11 and $2,249. The allowance to the plaintiff was excessive. For these reasons I dissent from the affirmance of the judgment.

MANSFIELD HANDVILL, Respondent, v. W. HEYWARD DRAYTON, 3RD, and Others, Appellants, Impleaded, etc.— Judgment and order affirmed, with costs. No opinion. Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ.