ALLEN THEATRE CORPORATION, Respondent, *v.* GRAND ALLEN HOLDING CORPORATION, Appellant.

First Department, November 1, 1929.

*Joseph A. Seidman*, for the appellant.

*Bernard Fliashnick*, for the respondent.

PROSKAUER, J. In its second cause of action in an amended complaint the plaintiff asserts a claim for the return of a deposit of $10,000 made with the defendant landlord to secure the performance by plaintiff of its obligations as tenant. In its original complaint the plaintiff annexed the lease. While the tenant failed to incorporate the lease in the amended complaint, it is expressly stipulated upon the respondent's brief that this court should consider the lease as annexed and base its decision upon the terms of the lease.

The lease contains the following clause: "The lessee hereby deposits with the lessor the sum of $10,000 to secure the performance of each and every of the covenants, provisions and conditions herein contained and on the part of the lessee to be performed, which said sum shall be retained and remain in the possession of the said lessor until the 15th day of May, 1936, when the same shall

be returned to the lessee provided the said essee shall then have fully and faithfully performed all of the conditions, provisions and covenants herein contained and on the part of the said lessee to be performed; it being expressly understood and agreed that the issuance of a warrant and the re-entering of said premises by the said lessor for any default on the part of the said lessee prior to the expiration of the said term, that is to say, at any time before the 30th day of April, 1936, shall not be deemed such a termination of this lease as to entitle the lessee to the recovery of the said sum of $10,000 deposited as aforesaid, but the said sum of $10,000 shall be retained and remain in the possession of the lessor, or its assignee, until the said 15th day of May, 1936."

It expressly provides that the landlord shall retain the deposit until 1936. The lessee seeks to avoid the effect of this provision on the ground that this security clause is a penalty and, therefore, unenforcible by the lessor. Even if we were to assume, without deciding, that the landlord would not ultimately be entitled to retain the entire $10,000 without proof of actual damage to that extent, still we think this action to recover the deposit premature. It may be that by 1936 the lessor's actual damage might be over $10,000. Till then the action is premature. The situation here presented is identical with that in *Lenco, Inc.,* v. *Hirschfeld* (247 N. Y. 44), where CARDOZO, Ch. J., writes: " The judgment in this action in favor of the defendant is, therefore, without prejudice to the maintenance of another action for the recovery of the deposit or some part thereof when the time shall arrive for the ascertainment of the loss."

Plaintiff, however, insists that no actual damage may hereafter accrue to the lessor because the lease has been terminated by dispossess proceedings and the absence of any clause providing that the lessee's obligation to pay rent shall survive the dispossess proceedings. The lease, however, contains this clause: " In case of the non-payment of rent by the lessee * * *, this lease, at the option of the lessor, shall become void, or the said lessor shall have the right at its option, * * * to enter the same as the agent of the lessee, either by force or otherwise, * * * and to re-let the said premises as the agent of the said lessee and to receive the rent therefor, and the said lessee sha'l pay the said lessor any deficiency and brokerage and expenses that may arise by reason of such removal or re-letting, or both."

We think the obligation to pay rent survived the dispossess proceeding by virtue of this clause in the lease. (*Rosenfeld* v. *Aaron,* 248 N. Y. 437.) The allegation in the complaint that by reason of the issuance of the warrant of dispossess the lease was terminated

is a conclusion of law inconsistent with the language of the lease. " Liability for a deficiency would follow if the lease had provided for a reletting by the landlord as agent of the tenant." (*Lenco, Inc., v. Hirschfeld, supra.*) The lease here provides that the landlord has an option to terminate the lease absolutely or to relet for the account of the tenant. With such an option dispossess cannot be construed to terminate the lessee's continuing obligation to pay any deficiency.

For these reasons the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

DOWLING, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.