## BELSTRAT HOTEL CORPORATION v. SOMOFF.

### In re GEITTNER.

Circuit Court of Appeals, Second Circuit. January 6, 1930.

No. 106.

Stern & Ellenwood, of New York City, for petitioner on appeal.

Joseph Krinsky, of New York City, for respondent on appeal.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge. This is a suit by a trustee in bankruptcy to recover money deposited by the bankrupt as security under the terms of a lease for restaurant space in appellant's hotel. The lease, dated December 15, 1926, is for three years, and was made with one Jordan, who assigned it to the bankrupt August 1, 1927, with the consent of the appellant. It was used only for a hotel dining room operated for the accommodation of transients and hotel guests. The lease provided that as compensation for the use of said premises there was to be paid 10 per cent. of all gross cash and charge receipts per week for each and every week during the entire period of the lease. Books of account showing this were to be kept, and the business transacted on a cash basis, except for guests of the hotel. . $3,800 was deposited as security "for the faithful performance and payment by the Lessee of the terms, covenants, and conditions of this lease." It was further provided that, in the event of default in the payment of rent or the performance of the conditions of the lease, the lessor was authorized to terminate and end the lease on five days' notice to the tenant, and the deposit money paid in could then be retained and kept by the lessee as payment for liquidated damages for the default, and "in the event of the impossibility of ascertainment or definitely arriving at the exact amount of damage which the lessor would sustain or suffer as a result of said default, and the lessor's right to so claim. and retain such damages shall survive the termination of this lease." If the lessee filed a voluntary petition in bankruptcy, or was adjudicated a bankrupt, or if a receiver or trustee was appointed or default made in fulfilling any of the covenants and conditions of the lease, or the premises abandoned, or if the lessee defaulted in the payment of all or any of the rent, the lessor could terminate the lease by a written five days' notice of its intention so to do, and the lessee agreed to surrender the premises, with all additions or improvements, furniture, fixtures, and personal property, in satisfactory condition to the lessor.

On May 4, 1928, the tenant filed a voluntary petition in bankruptcy, and a receiver, and later a trustee, were appointed. The complaint alleges that appellant terminated the agreement by repossessing itself of the

premises before the five days' notice was served on the receiver in bankruptcy. The answer interposed by the appellant pleads a waiver on the part of the trustee in bankruptcy of the provision for a five days' notice, because of the necessity of maintaining and operating the restaurant for the accommodation of the guests of the hotel; also by reason of the bankruptcy of the tenant and the abandonment of the restaurant, which it is alleged would cause the hotel to suffer irreparable damage.

Thus the issue was joined, and the trial proceeded, a jury having been waived. After considering the lease, the pleadings, and after argument of counsel, the court directed judgment for the plaintiff for the full amount of the deposit. Counsel for the appellant admitted all the allegations of the complaint, among which was an allegation that the appellant had performed all the terms and conditions of the lease, and that it had repossessed itself of the premises before five days' notice was served on the receiver in bankruptcy.

Appellant claims that the deposit belongs to it as liquidated damages, and the appellee maintains that it constituted a penalty only in the event of establishing breaches of the lease. According to the terms of the lease, it might be terminated if the lessor should operate another restaurant; if the receipts of the business should fall below a specified amount, or if insolvency of the tenant occurred. It is the lessor's contention that, if any of these occurred, the tenant would lose the entire amount deposited as security, whether or not damage resulted to the lessor. While the security is referred to as liquidated damages, where used, the words are immediately followed by the phrase "in the event of the impossibility of ascertaining or definitely arriving at the exact amount of damages which the lessor would sustain or suffer as a result of said default"; such words qualify liquidated damages.

It is evident that the parties did not intend to regard the deposit as liquidated damages in any event, but only in case it should be impossible to ascertain or definitely arrive at the exact amount of damages. It nowhere appears that damages were sustained which might be easily determinable or which were undeterminable. Moreover, the lease

provided that, if a portion of the security was used in payment of any determinable damages which the lessor may suffer or sustain, immediately the lessee must deposit additional sums, so as to keep the necessary amount of security up. The damages were payable in the event of any default in any of the covenants of the lease, several of which have been mentioned, and, if there was a default in any, the full amount would have to be paid for each default. One of the provisions of the lease provided that:

"If in any month thereafter said gross receipts fall off 20 per cent. or more below the corresponding month of the previous year, the lessor may terminate this lease and the term thereof, and apply so much of the security of $3,000 as has been paid in to the satisfaction of determinable or undeterminable damage, as hereinafter provided in cases of default."

This indicates that the parties did not regard the deposit money as liquidated damages. The parties intended, by the terms of the lease, that the deposit should be as security for actual damages. Sun Printing & Pub. Ass'n v. Moore, 183 U. S. 642, 22 S. Ct. 240, 46 L. Ed. 366; Lenco v. Hirschfeld, 247 N. Y. 44, 159 N. E. 718; Seidlitz v. Auerbach, 230 N. Y. 167, 129 N. E. 461. They do not say in their agreement that the deposit would be accepted as a liquidated measure of the loss of future rents. If there is unpaid rent due for any of the period of the occupancy prior to the bankruptcy, the deposit money could be retained, or so much thereof as would satisfy the full amount of the sum due, but the record does not show a default as to such payments. The appellant's counsel admitted on the argument that the bankrupt had carried out all required of him as alleged in the complaint, which would include payment of the rent up to the time of the bankruptcy or surrender of the premises.

Here the parties did not agree that the security deposit was to be held by the lessor as liquidated damages, in case of default, and there being no proof of damages established by the appellant, the appellee was lawfully entitled to a recovery of the amount of such deposit.

Judgment affirmed.