## CANNON et al. v. FIFTY–SIXTH STREET GARAGE, Inc.

### No. 9.

Circuit Court of Appeals, Second Circuit.

Nov. 17, 1930.

Spence, Hopkins & Walser, of New York City (Kenneth E. Walser and Walter Bishop, both of New York City, of counsel), for appellants.

Broadwin & Mannheimer, of New York City (Albert Mannheimer, of New York City, of counsel), for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Respondent owned garage property in New York City and leased it to tenants, who deposited $15,000 under the lease as security for the faithful performance of the terms of the lease. The appellants acquired the lease as well as the deposit before defaults, and later assigned to a sublessee, the Ernest Garage, Inc. This corporation failed to pay taxes in 1924, and the rent for January, 1925, whereupon summary proceedings to dispossess the Ernest Garage, Inc., were instituted. A contest arose as to the service of process, and on January 27, 1925, an agreement was entered into between the appellee and the Ernest Garage Inc. whereby it was consented that there be issued a warrant of dispossess and the landlord took over the premises on January 31, 1925. On August 5, 1925, the landlord conveyed the fee free of any incumbrance. By foreclosure of a mortgage, the appellants acquired all the rights of the Ernest Garage, Inc., in the $15,000 deposit money, and brought this action for the balance due, crediting the respondent with a payment made of $750 on behalf of the Ernest Garage, Inc., arrears of rent and taxes amounting to $7,372.92, and asked judgment for the difference.

Under the terms of the lease, the landlord could re-enter in case of default either in his own right or for the account of the tenant. The option so to do in the event of breach of the covenants of the lease is in the following phrase: ·

"Or if default shall be made in any of the provisions of this lease or in any one or more of the covenants herein contained, or in the payment of any sum herein covenanted to be paid as annual rent or otherwise, that then upon the happening of any of said events at the election and option of the said lessor, this indenture and the estate hereby granted shall immediately cease and come to an end, and the term of this lease shall at all times, at the option of the lessor, be deemed and construed to cease and expire on any day whereon default shall be made in any of the covenants or provisions hereof; and it shall and may be lawful for the said lessor, at its option to then enter into said demised premises and to have, hold, enjoy and use the same as of its former estate and interest therein, and the lessor shall have and it is hereby given the right to re-enter said premises and to recover the same and to obtain possession thereof immediately upon the breach of any of said covenants or default in any of said terms. * * * "

Such re-entry by the landlord ended the lease. By paragraphs 12 and 20, in case of default, the landlord could re-enter and re-let as agent for the tenant, in which event the tenant was liable for the damages actually sustained by the landlord, who had the right to set off such damages against the deposit. When a warrant of dispossess is served, the lease is at an end, and the tenant's liability thereafter is for damages, not for rent. Hermitage Co. v. Levine, 248 N. Y. 333, 336, 162 N. E. 97, 59 A. L. R. 1015. If the landlord re-enters in his own right, there are no damages, for the relation of landlord and tenant no longer exists. Caesar v. Rubinson, 174 N. Y. 492, 67 N. E. 58; Chaude v. Shepard, 122 N. Y. 397, 25 N. E. 358. But, if the landlord enters for the tenant, he must make diligent efforts to relet, and may operate the premises pending such reletting. Lenco v. Hirschfeld, 247 N. Y. 44, 159 N. E. 718. So the sale of the premises by the landlord ends the accrual of any damages which of course preclude the landlord's right to retain the balance of the deposit. Seidlitz v. Auerbach, 230 N. Y. 167, 129 N. E. 461.

The agreement of January 27, 1925, made after the institution of dispossess proceedings, and which the tenant claimed were defective, by its terms clearly expressed the intent of the parties that the landlord re-enter in his own right, and this he did, giving the tenant desk room to collect its accounts receivable. The tenant, by its agreement, kept the garage in operation until January 31, 1927, at which time the respondent took possession and continued the operation at its own expense and for its profit.

By the agreement, the respondent agreed to pay the pay roll for the last week in January, amounting to $750. The rent had not been paid for January nor the taxes for 1924. By paragraph 8 of the agreement, it is provided:

"It is mutually understood and agreed that the sum of $750 paid by the 56th Street Garage Co. Inc. is to be deducted from the deposit of $15,000; that the Landlord will look to said deposit for the payment of any rent under said Lease so long as there be no adjudication of a court of competent jurisdiction that so doing shall prejudice its right to the said deposit or subject it to liability; that this agreement is without prejudice to the rights of either party in the Summary Proceeding, and under the Lease aforesaid. * * *"

This provision of the lease is confusing. By the covenants of the lease, after the landlord has re-entered in its own right and operated the garage for its own profit, which was its right under the lease, it must look to the profit of the operation, and can collect from the deposit only the past-due rent. It may not collect both rent and profit. Other provisions of the agreement of January 27, 1925, show the clear intent to consent to the entry of the landlord for his own right and profit. It was therefore error to hold that the deposit money might be withheld for the rents during the period of the appellee's operation of the garage. The agreement nowhere permits damages to be deducted from the deposit; only rent for every month may be deducted.

The respondent's resumption of the possession of the demised premises for its own gain in the operation of the garage business is inconsistent with the continuation of the lease, and so no rent became payable to the respondent, after such re-entry, which may be deducted from the deposit money before the return of the balance to the appellants who are lawfully entitled to receive it.

Judgment reversed.