### In re HOMANN.
### BURLINGAME v. MEYER.
### No. 45.

Circuit Court of Appeals, Second Circuit.
Dec. 1, 1930.

---

Samuel C. Duberstein, of New York City (Max Schwartz, of New York City, of counsel), for appellant.

Benjamin Bernstein, of New York City (Max J. Wolff, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above).

The question before us is whether the landlord, William Meyer, may continue to hold the $800 deposited by the tenant as security for the performance of the terms of the lease, or whether, because of the notice given by the landlord to the bankrupt of an election to terminate the tenancy pursuant to paragraph 17 of the lease, all obligations on the part of the tenant ended and the trustee may demand the return of the deposit.

It is contended that the seventeenth paragraph provides for a complete ending of the lease where a notice of termination is served by reason of the filing of a petition in bankruptcy. But the eighth paragraph says that, if the premises "shall become vacant * * * or * * * the Tenant be evicted by summary proceedings or otherwise * * * the Tenant shall pay at the same time as the rent is payable * * * a sum equivalent to the rent reserved * * *, and the Landlord may re-let said premises on behalf of the Tenant, applying any moneys collected, first to the expenses of resuming or obtaining possession, and then to the payment of the rent and all other charges due the Landlord, any surplus to be paid to the Tenant, who shall remain liable for any deficiency." By this covenant, in case of an eviction "by summary proceedings or otherwise," the tenant promised to pay "a sum equivalent to the rent reserved." It is unimportant to discuss how far the eighth paragraph is an independent covenant. It may be such as to some matters, but it in terms covers eviction "by summary proceedings or otherwise," and contains an express agreement by the tenant to remain liable even though the term of the lease has come to an end and the rent as such could not be due. Under the New York decisions, such a covenant survives the termination of the lease. Lenco, Inc., v. Hirschfeld, 247 N. Y. 44, 159 N. E. 718; Halpern v. Manhattan Ave. Theatre Corp., 220 N. Y. 655, 115 N. E. 718; Rosenfeld v. Aaron, 248 N. Y. 437, 162

N. E. 478. In other words, paragraph 8 of the lease covered the very cause, namely, bankruptcy, for which the tenancy might be and was here terminated by notice under paragraph 17.

Perhaps the landlord may be under a duty to exercise his option to relet with reasonable celerity and that unnecessary delay "may be evidence of an election to renounce the privilege of the reletting" which might discharge the obligations of the tenant surviving the termination of the lease. Lenco v. Hirschfeld, supra. Even this is doubtful, for there was in the lease before us an absolute covenant by the tenant to pay "a sum equivalent to the rent reserved," which did not exist in the Lenco Case. Such a covenant may be regarded as enforceable unless satisfied or released and the option as no more than a permissible mode of fixing damages. But in the Lenco Case even a failure to relet for two years after re-entry was not held sufficient to invalidate an exercise of the landlord's option. In the case at bar but four months had elapsed between the date of re-entry and the commencement of this proceeding. In this respect the facts resemble those in Halpern v. Manhattan Ave. Theatre Corporation, supra. Certainly the landlord could not be thought bound to accept a tenant of doubtful responsibility or a totally inadequate rent in the exercise of his option, if he was bound to exercise the option at all, in order to hold the tenant for damages. In the absence of some proof, we cannot say that there is anything to indicate that the landlord has failed to act with reasonable dispatch or has elected to relet the premises for his own profit, rather than for the benefit of the tenant, or has done any other act which might discharge or satisfy the obligations of the tenant surviving the termination of the lease.

It is contended that In re Barnett (C. C. A.) 12 F.(2d) 73, is contrary to the view we have expressed, but at best the opinion there contains but a dictum regarding the New York law, and was rendered prior to the decision in Lenco, Inc., v. Hirschfeld, supra, which is an authoritative holding that in New York security may be retained by a landlord after the termination of a lease where the instrument contains a provision that the security may be used to satisfy damages caused by loss of rentals subsequent to the termination.

It is further contended that paragraph 15 of the lease does not justify the retention of the security, because it provides that the deposit "shall be returned to the Tenant after the time fixed as the expiration of the term"; but the clause also adds the words, "provided the Tenant has fully and faithfully carried out all of the terms, covenants and conditions on his part to be performed, * * * " as well as the statement that the tenant has made the deposit "as security for the full and faithful performance by the Tenant of all the terms and conditions upon the Tenant's part to be performed." One of the terms was a promise by the tenant to pay "a sum equivalent to the rent reserved."

Our attention is called to Von der Horst v. Wolinsky, 137 Misc. Rep. 182, 243 N. Y. S. 526, where the Municipal Court of the city of New York, in a careful opinion, determined the effect of a notice to terminate under the seventeenth clause of an instrument closely resembling the lease before us, and held that the notice constituted such a complete severance of the relations between the parties that the tenant thereafter ceased to be liable for damages in spite of the provisions of the eighth paragraph drawn in the same form as the eighth paragraph in the case at bar. But, as we have already explained, the provision in paragraph 8 that, should "the Tenant be evicted by summary proceedings or otherwise, the Landlord or representatives may re-enter the same * * * and the Tenant shall pay at the same time as the rent is payable under the terms hereof * * * a sum equivalent to the rent reserved herein and the Landlord may relet said premises on behalf of the Tenant, * * * " covers an eviction by notice of termination under paragraph 17 and leaves the obligation of the tenant to pay rents as they may accrue secured by the deposit. Because of the broad terms of paragraph 8, we cannot agree with the holding in Von der Horst v. Wolinsky, supra, that the notice of termination under paragraph 17 relieved the tenant of all subsequent obligations, but regard the landlord as still entitled to exercise his option to relet on behalf of the tenant and to retain the deposit until the obligations secured by the lease are satisfied.

The authorities are clear to the effect that the obligations of the tenant survived the notice of termination, that the landlord was justified in retaining the security, and that the proceeding by the trustee in bankruptcy for the repayment of the deposit was premature. Lenco, Inc., v. Hirschfeld, 247 N. Y. 44, 159 N. E. 718; Rosenfeld v. Aaron, 248 N. Y. 437, 162 N. E. 478; Reshen v. Rosewall Real-

ty Co., Inc. (Sup.) 199 N. Y. S. 77; In re Nathanson (D. C.) 12 F.(2d) 622.

The order is affirmed.