SOL S. HAND, Respondent, *v.* ISIDORE J. RIFKIN, Appellant.*

First Department, June 20, 1933.

* Revd., 263 N. Y. 416.

*Philip Zierler* of counsel [*A. L. Geilich*, attorney], for the appellant.

*Benjamin Bernstein*, for the respondent.

MARTIN, J. The plaintiff seeks the return of security deposited with a landlord. The right to same depends upon the construction of certain clauses of the lease, which lease was terminated by summary dispossess proceedings for non-payment of rent.

The questions presented for our determination are (1) under clause 19 of the lease, does the liability of the tenant survive the termination of the lease by statutory summary dispossess proceedings for non-payment of rent; and (2) if the above question be answered in the negative, is the landlord nevertheless entitled to retain the security by virtue of another clause in the lease known as clause 23, or is that clause a provision for a penalty and hence unenforcible?

The court at Special Term held that upon the facts set forth in the complaint and the provisions of the lease annexed thereto the tenant, upon a termination of the lease by summary proceedngs, became entitled to the return of the security .

The lease is dated August 15, 1929, and covers premises used as a garage, located at West Thirty-seventh street and Mermaid avenue, Coney Island. The term of the lease commenced September 1, 1929, and was to end August 31, 1944. The original tenants, Drucker and Glorit, deposited with the defendant as landlord upon the execution of the lease, security of $12,000 to which an additional $500 was thereafter added, making an aggregate of $12,500. On August 28, 1929, the lease and the security deposited thereunder were assigned by the original tenants to the Sea Gate Service Garage, Inc. On September 1, 1929, the Sea Gate Service

Garage, Inc., the plaintiff's assignor, entered into possession of the premises. With the assignment of the lease on August 28, 1929, by the original tenants, Drucker and Glorit, to the Sea Gate Service Garage, Inc., an agreement in writing was entered into consenting to such assignment, the Sea Gate Service Garage, Inc., assuming the obligations thereof in place of the original tenants.

On September 22, 1931, the landlord, Isidore J. Rifkin, entered into a written modification of the lease with the tenant, Sea Gate Service Garage, Inc., plaintiff's assignor, wherein he recognized the tenant, Sea Gate Service Garage, Inc., not only as successor in interest of the original tenants, but also assignee of the security of $12,500 deposited thereunder.

This agreement provides that the monthly rental for one year commencing September 1, 1931, and terminating August 31, 1932, shall be reduced from $2,083.33 to $1,666.66 per month. It was also provided that this monthly reduction of $416.67 be charged against the security of $12,500 then held by the defendant under the lease, "such deduction to be in monthly installments each month." By the terms of the modification agreement, the defendant, as landlord, was authorized to deduct and did deduct the sum of $1,250.01 from the security of $12,500 deposited with him, leaving a balance of $11,249.99, on hand on November 1, 1931.

The Sea Gate Service Garage, Inc., paid the rent until November 1, 1931. The amount becoming due on that day was not paid. It was solely because of this failure of the Sea Gate Service Garage, Inc., plaintiff's assignor, to pay the defendant the sum of $1,666.67, which became due November 1, 1931, that the defendant commenced summary dispossess proceedings against the Sea Gate Service Garage, Inc. As a result of these summary dispossess proceedings for non-payment of rent, after a trial between defendant as landlord and the plaintiff's assignor, the Sea Gate Service Garage, Inc., as tenant, a final order was made in such proceedings on the 19th of December, 1931.

The complaint sets forth the making of the lease and the placing of the deposit as security for the performance thereof and recites the pertinent clauses of the lease.

Paragraph 19 provides that if the tenant shall default in the payment of the rent or any part thereof, or in the making of any other payments therein provided for, or in the performance of any of the covenants or conditions therein contained by it to be performed, or if the premises shall at any time be abandoned by the tenant, then the landlord may terminate and end the term of the lease by giving to the tenant five days' notice in writing. The five days' notice was not given.

It is also provided in that paragraph that the landlord, in case of failure of the tenant to pay the rent, may dispossess and re-enter. On this subject the lease states: " Notwithstanding such entry the tenant shall at the option of the landlord remain liable and pay rent for said premises for the full term aforesaid and all taxes, assessments, water rents and meter charges which shall or may during such term become a lien upon said premises."

This subdivision provides, however, that in case a new tenant is placed in possession, the tenant who is dispossessed shall remain liable only *for the deficiency in each month's rent* and each month thereafter the landlord may recover such deficiency.

To retain the deposit under this section, a five days' notice was necessary and it was also necessary to plead as a defense facts which would relieve the defendant from being compelled to return the deposit, by showing a failure on the part of the tenant to comply with the terms of the lease. No such facts were pleaded.

Paragraph 22 of the lease provides: " Said security shall bear interest at the rate of four per cent per annum and to be paid to the tenant at the end of each and every year of the term herein demised. Said security to be returned to the tenant *at the end or termination of this lease* provided the tenant has fully and faithfully carried out and complied with each and every term hereof on its part to be kept and performed."

Nothing is pleaded in the answer to meet this provision of the lease which gives the tenant a right to the return of the deposit. The landlord contends, however, that in any event under section 23 of the lease it had a right to keep the deposit. That clause provides: " The tenant agrees that if the tenant vacates or surrenders the premises or is dispossessed or if the tenant violates any of the covenants, conditions and agreements of this lease, then and in that event the said sum of $12,500 shall at the option of the landlord be retained by the landlord as liquidated and stipulated damages."

The Court of Appeals in construing a similar provision held that it provided for a penalty; that the landlord was entitled to retain only such part of the deposit as would compensate him for the damages he actually sustained by reason of the tenant's default.

In *Seidlitz* v. *Auerbach* (230 N. Y. 167) the court said: " In determining whether the amount of the deposit is to be treated as liquidated damages or as a penalty the agreement is to be interpreted as of its date, not as of its breach. * * * It is also true that a stipulation to forfeit a certain sum for the breach of any of the terms of the contract cannot be separated and a part treated as a penalty and the remainder as liquidated damages."

In *Lenco, Inc.,* v. *Hirschfeld* (247 N. Y. 44, at p. 51) the court said: " The lease is so drafted that a breach of any covenant, however minute or unimportant, is to bring down upon the tenant the loss of the entire security. A different situation would be here if the deposit had been accepted as the liquidated measure of the loss of future rents."

The landlord has failed to plead any facts in his answer to show any damage that would warrant the withholding of the deposit. The defendant finally relies on the claim that the deposit may be held as liquidated damages. That claim has been answered by the cases cited above.

The appellant points out that under the modification agreement it was provided that the sum of $416.67 should be deducted each month from the security and applied toward the rent; that in arriving at the amount of his claim the plaintiff has not deducted this amount for the month of December, 1931. The contention of the respondent is that the landlord was not entitled to deduct this amount because of the fact that he brought a dispossess proceeding for non-payment of the November rent. The dispossess proceeding was independent of the agreement that each month the landlord was entitled to deduct $416.67 as a part payment of the rent for that month.

The tenant having remained in the premises until the latter part of December, 1931, the deduction contended for by the landlord was proper, under the terms of the modification agreement annexed to the complaint.

The judgment should, therefore, be modified by deducting the sum of $416.67 from $8,350.84, the amount of the judgment, and as so modified the judgment and order appealed from should be affirmed, with costs to the respondent.

MERRELL, McAVOY and SHERMAN, JJ., concur; FINCH, P. J., dissents and votes to reverse and deny the motion.

FINCH, P. J. (dissenting). The lease in question gave to the landlord the option to terminate it upon five days' notice, upon breach of condition. The landlord, however, was not required so to do. In fact, the lease expressly provided as follows: " The first five days notice to comply with any of the conditions above enumerated, and for a default whereof the landlord would be entitled to serve the same need not be given in the event of a default in the payment of rent or any part thereof, or in the making of any of the payments herein specifically mentioned in a liquidated amount."

The tenant's obligations under the lease, therefore, survived re-entry by dispossess proceeding for non-payment of rent, pursuant to the express provisions of the lease. (*Lenco, Inc.,* v. *Hirschfeld,* 247 N. Y. 44.)

It follows, therefore, that the action was prematurely brought, since the lease provided that the landlord was entitled to retain the deposit as security against any ultimate loss.

It is urged, nevertheless, that the provision of the lease giving to the landlord the right to retain the deposit as liquidated damages constitutes a penalty, and hence is void. This contention would be entitled to consideration only in the event the lease had been terminated without survival of the obligations of the tenant. Moreover, under the circumstances here present, it cannot be said that the parties were attempting to cloak a penalty under the guise of liquidated damages. The clear intent of parties to a contract to stipulate the damages in case of breach will be sustained when the actual damages which in ordinary course would be suffered are not out of proportion to the amount stipulated as liquidated damages. (*J. & H. Garage, Inc.,* v. *Flow Corporation,* 225 App. Div. 65; affd., 251 N. Y. 553.) In the case at bar there is no such discrepancy. Here, as in *J. & H. Garage, Inc.,* v. *Flow Corporation* (*supra*), the breach was in the failure to pay rent. In that case the total amount was $19,000 a year, or at the rate of approximately $1,500 a month, and the sum provided as liquidated damages was $10,000. In the case at bar the annual rent at the time of the commencement of the dispossess proceedings was $25,000 a year and the amount deposited by way of liquidated damages was $12,500. Also in the case at bar, as in *J. & H. Garage, Inc.,* v. *Flow Corporation* (*supra*), not only would the default in the payment of rent entail several months loss of rent but in the ordinary course there would likewise be the necessity of making repairs to the premises when an old tenant leaves and a new tenant succeeds. The sum of $12,500 provided as liquidated damages, in accordance with the terms of the lease, cannot be said as matter of law to differ so greatly from the damages suffered in the ordinary course as to require the court to disregard the express stipulation of the parties and hold the same recoverable as a penalty.

The order and judgment should be reversed and the motion denied.

Judgment modified by deducting the sum of $416.67 from $8,350.84, the amount of the judgment, and as so modified said judgment and order appealed from affirmed, with costs to the respondent.