## In re LURIA.

### No. 42355.

District Court, E. D. New York.

July 23, 1942.

Rothstein & Korzenik, of New York City (Harold Korzenik, of New York City, of counsel), for trustee.

Klepper & Goldstein, of New York City (Albert Barnett Klepper, of New York City, of counsel), for landlord.

GALSTON, District Judge.

These are cross motions made in respect to an order of the referee directing Louis Levine, the trustee in bankruptcy, to pay the landlords the sum of $975 as the reasonable rental for the use and occupation of premises 1603 Pitkin Avenue, Brooklyn, for the period from February 16, 1942 to March 31, 1942, and denying the cross petition of the trustee, without prejudice to any future action thereon, for the return of the sum of $2,250 from the landlords, deposited as security by the bankrupt under a lease between the bankrupt and the landlords.

On July 3, 1934 the bankrupt entered into a lease with the landlords for the premises in question for a period from September 1, 1934 to and including August 31, 1939, and as one of the provisions of the lease deposited with the landlords the sum of $1,400 as security for the faithful performance of the terms and conditions of the lease. The lease provided that the security be applied towards the rent for the months of June and August, 1939. During the pendency of the lease, on December 16, 1937, the parties entered into a supplemental agreement extending the term of the lease to August 31, 1944, fixing the rent at $750 for each month, beginning September 1, 1939, and providing for the additional deposit of $850 as further security for the full and faithful performance by the tenant of all of the terms and conditions upon the tenant's part to be performed in the aforesaid lease of July 3, 1934 as modified by the supplemental agreement.

On February 16, 1942 the bankrupt filed a petition under Chap. 11 of the National Bankruptcy Act, 11 U.S.C.A. § 701 et seq., for an arrangement with his creditors; he thereafter, on March 11, 1942, was adjudicated a bankrupt.

The referee found that the reasonable rental for the period of occupancy by the trustee was $975 and concerning that de-

termination there is no issue. The fundamental question is whether the landlord can collect for such use and occupation of the premises and still retain his security until the end of the term. The provisions of the lease are, of course, determinative of the question. Important among these are the following:

"8th. That the said tenant covenants and agrees that if the said premises * * * shall be deserted or become vacant, during said term, or if any default be made in the payment of the said rent * * * the said hiring and the relation of the landlord and tenant shall cease * * * and the landlord * * * may re-enter the said premises * * *; and the landlord may re-let the premises on behalf of the tenant, applying any monies collected * * * to the payment of rent due and to grow due to the landlord, any surplus to be paid to the tenant, who shall be liable for any deficiency; it being the intention that the tenant shall and will pay to the landlord, as damages for breach of the covenants to pay rent herein, the difference between the amount of rent hereby reserved and the net amount of the rents which shall be collected * * * by the landlord * * * during the residue of the said term * * *."

"19th. That it is expressly understood and agreed that in case the demised premises shall be deserted or vacated, or if default be made in the payment of the rent * * * or if the tenant shall file a petition in bankruptcy, or be adjudged a bankrupt, * * * the landlord may, if they so elect, at any time thereafter, terminate this lease * * * and upon the giving of such notice, this lease * * * shall terminate * * *."

The facts show that the tenant, by failing to pay the monthly instalment of rent which became due and payable, was in default on February 1, 1942. Moreover, he filed a petition for an arrangement as a debtor under Chap. 11 of the Chandler Act, and subsequently consented to be adjudicated a bankrupt. By so doing he also committed a breach of the lease. In consequence the bankrupt cannot avail himself, nor can the trustee in his place, of that provision of the lease which sets forth: "33rd a. If this lease shall terminate by any mandate of law or by agreement, or otherwise, prior to the expiration thereof, as herein fixed as the expiration of the term of the lease, then, and in that event, the security herein shall be returned to the tenant upon the date of such expiration, provided, however, the tenant has complied with all the terms and conditions of this lease on his part."

Most obviously the tenant did not comply with the terms and conditions of the lease and is not, therefore, entitled to the return of the security under such authorities as Burlingame v. Meyer, 2 Cir., 45 F.2d 481. That case is decisive of the question herein involved and compels the conclusion that the landlord is entitled to be paid for the use and occupation of the premises, and is also justified in retaining the security until August 31, 1944, at which time it can be ascertained whether the landlord was damaged by the breach of the lease and to what extent. The trustee's petition for review is accordingly dismissed and the order of the referee directing the trustee to pay the landlord $975 is affirmed.

Settle orders on notice.