## In re B. WESTERMANN CO., Inc.

District Court, S. D. New York.
July 19, 1943.

Sidney C. Norris, of New York City (Joseph Krefetz, of New York City, of counsel), for landlord.

Dannenberg & Hazen, of New York City (Julius M. Arnstein, of New York City, of counsel), for bankruptcy trustee.

CAFFEY, District Judge.

At my recent sitting in the motion part I reserved rulings on a mass of motions. Some of these were difficult and disposition of them has required much time. In consequence, in view of my other engagements, without long delay opportunity will not be available for extensive discussion. Moreover, I do not believe that any more than summary comment is needed.

The reasons I think I am justified in being brief are as follows: (1) Save in regard to one matter, which I believe without significance, the facts are not in dispute. (2) The only issue of law which is substantial turns on a single short statutory provision which is not difficult to construe. (3) There is no occasion to go at length into court decisions.

Again, the referee has adequately explained the ground on which he acted. Repetition of what he there said would be useless.

The trustee assigns as error exclusion by the referee of further evidence in respect to what was referred to as settlement negotiations. As is conceded by counsel, the only possible theory of admissibility of such evidence is that, if all of it came in, it might establish an admission that the amount of the landlord's claim is less than the landlord thereafter contended for and the referee allowed.

Substantial argument can be made that the ruling of the referee was right; but I do not rest my conclusion on the assumption that it is sound. On the other hand, for the present purpose I shall assume that the referee was wrong in keeping out the testimony which, in substance, the trustee proffered. As I see the situation, even though such action by the referee was erroneous, his holding on the point was harm-

less and, therefore, is not ground for reversal or for remitting the proceeding to the referee for taking further testimony.

My view of the matter to that effect rests on the fact that through witnesses the amount owing was definitely computed, with accompanying explanations which any one can verify; and hence that, even though at a preceding date the claimant had conceded that what it was entitled to was less than what the referee later allowed, it would not have been proper for the referee to hold that the so-called admission by the claimant had foreclosed it from contending and procuring the referee to determine that the larger amount was owing. Any other course by the referee would have been too highly technical to gain the approval of this court. On that account I believe that further testimony about negotiations between the parties as to the amount owing would not have changed the size of the allowance as actually made.

It seems to me clear that the net amount owing for rent under the lease at the time of the landlord's reentry on April 1, 1942 (after the commencement of the bankruptcy proceeding), was correctly found by the referee to have been $3,313.70.

Likewise, it seems to me that the referee rightly found that one year's rent from the reentry would have been $22,769.95. When the latter sum was added to the rent owing at the time of the reentry, the total was $26,083.65. So also the referee was justified in finding that the sum is less than the amount by which the rent reserved under the lease to the bankrupt exceeded the rental value of the premises for the same period when reduced to its present value at 4% per annum.

■ I regard it as plain (1) that subdivision a(9) of Section 63 of the Bankruptcy Act, 11 U.S.C.A. § 103, sub. a(9), governs the ascertainment of how much, in the absence of any credit to the tenant, the landlord was entitled to and (2) that in arriving at the amount the referee has properly made the computation in accordance with the terms of that provision of law. Cf. 3 Collier on Bankruptcy, 14th edition, section 63.3, pp. 1895–1909; In re Huyler's of Delaware, Inc., D.C.S.D.N.Y., 30 F.Supp. 298. In addition, it may be noted that, on the facts, paragraph 21 of the lease confirmed the application of Section 63 sub. a(9).

■ The tenant had deposited $3,000 with the landlord as security for the payment of rent under the lease. Before the end of the year following reentry by the landlord (April 1, 1942), the landlord itself was dispossessed by the owner of the fee (the so-called over-landlord). Nevertheless, the landlord argues that it is entitled to retain the $3,000 until the end of the entire term (in 1948).

I reject the contention just set out. I do so because, by force of the statutory provision invoked, the landlord is not entitled to receive anything for the portion of the rental term subsequent to March 31, 1943. In consequence of that, in arriving at its net liability the tenant is entitled to deduct from the gross claim of the landlord just stated the amount of cash ($3,000) held by the landlord as security. Cf. Cannon v. Fifty-Sixth Street Garage, 2 Cir., 45 F.2d 110, 111. The statute makes one year's rent following reentry the maximum recoverable. For that reason after the expiration of the year there is no principal indebtedness for the payment of which there can be security.

When the deduction mentioned from the $26,083.65 is made, the balance is $23,083.-65. That is the sum at which I think the claim should be allowed.

■ I do not feel that any provision of the lease in effect changes, or even undertakes to change, the applicability of subdivision a (9) of Section 63 of the Act as the law which governs under the circumstances here. It is that part of the statute which controls. In the absence of clear waiver (which has not occurred), it definitely fixes the method of measuring the amount of recovery by a landlord when bankruptcy of his tenant occurs; and this is true despite clauses in the lease which would apply or would have applied if there had been no bankruptcy or if there had not been any other one of the several incidents which brings the one year rent rule into operation when the tenant becomes a bankrupt.

■ So also I think it immaterial that prior to the expiration of one year from the reentry the landlord itself was dispossessed. In re Huyler's of Delaware, Inc., D.C.S.D. N.Y., 30 F.Supp. 298, 299–301. This is immaterial because the statute, without mentioning and regardless of any condition with respect to the landlord being dispossessed, has specifically prescribed what is the test which must be used in determining the amount of a claim to be allowed to a landlord as against the estate of a bankrupt tenant.

The referee's order fixing the amount of the claim modified as hereinabove recited will be affirmed and, save with respect to the security item, the petition for review will be dismissed.

Settle order on two days' notice.