HOBSÓN, Justice.
In the previous appearance of this case, Kanter v. Safran, Fla., 68 So.2d 553, all issues were foreclosed save whether or not on the basis of facts developed subsequent to the' trial of the cause the lessors had abandoned their right to relet the premises for the lessees’ account. We reversed the final decree to afford the lessees an opportunity to offer proof on this issue, if any they had.
The issue has now been tried, and a supplemental final decree entered, from which this appeal is taken by-the lessors. The supplemental, final decree achieves the same result as the original decree, but is predicated upon the conclusion that the lessors, at some uncertain date, abandoned their right to relet the premises. The chancellor apparently tried the issue de novo, for early in the supplemental proceedings the following colloquy took place:
*509 ■ “Mr.-Kanter: I.object to this line of questioning. This has all been in past testimony.
“Mr. Grusmark: It is.
“Mr. Kanter: It is in the testimony of the case. .
“Mr. Grusmark: I just want to make it clearer.
“Mr. Kanter': I do not believe there is any need to -repeat it. . .
“The Court: On the contrary, I think there is. If T'have to'decide an issue, I do not want to dig out facts, like a needle in the haystack. ' Just take it all new, anything bearing on this point.”
■ Perhaps because of this ruling, most of the- testimony adduced was merely cumulative of evidence taken at the original trial which we previously held insufficient to support a decree in the lessees’ favor.
In Kanter v. Safran, supra, we held in effect thbt after the default of the lessees, the lessors so explicitly and unequivo.-cally declared .their intention of reletting the premises for the account of the lessees, see the letter reproduced in part at 68 So.2d 553, 555, that proof of the alleged abandonment of this right by the lessors must necessarily be equally clear and convincing. If the original proof fell short of this standard, the supplemental proof now before us is inadequate a fortiori.
As nearly as we can ascertain, the only genuinely new factor brought into the case is that the lessor's- have entered a new five-year lease with third parties. This is wholly consistent with, and in support, of, the lessors’ avowed intent to relet for the account of the original lessees. The chancellor, however, specifically stated’ in the course of .the supplemental proceedings that he found for the lessees “on the ground that the evidence to me seems, clear through the operation of the hotel for one season and the leasing out for a lengthy period, having no reference to the short balance of the term1 of the lease in question, shows an intention not to operate it for the account of the * * * lessee in this case.”
In Lenco, Inc., v. Hirschfeld, 247 N. Y. 44; 159 N.E. 718, 720, which wé quoted and relied upon in the previous opinion in the instant case, the lessor re-entered and operated the leased premises for two years before reletting, but was held not to have abandoned his right to. relet for the lessee’s account, as we pointed out. We also quoted with approval from the Hirschfeld case the following:
“We are to remember that, after reentry for breach of a condition, the landlord in reletting is not an agent in a true sense, since the term is at an end. * f . * He is merely using a prescribed method to ascertain the damage.”
The quoted language eliminates any thought that the lessor is necessarily required to seek an assignment of the defaulting lessee^ specific interest, or to sell only the remaining term of the original lease; since that term is “at an end.” He is- required only to recoup what he can in good faith, consistent with his own interest as well as that of the defaulting lessee. Evidence that the lessor might have obtained a higher rental for a shorter term might be relevant in fixing the “present fair rental value of the premises .for the remainder of the [original] term * * * ” for the purpose of ascertaining damages,' Kanter v. Safran, supra, but not as an indication of the lessor’s intention to preserve or forfeit his right to relet.
It follows that the decree appealed from must'be, and it is hereby, reversed with directions to dismiss the suit of the lessees, without prejudice to the lessees to sue ‘for an accounting at the expiration of the term of the original ‘lease between the parties.
DREW, C. J., and THOMÁS and THORNAL, JJ., concur.