HORTON, Judge.
This appeal is from a final judgment denying the appellant recovery of security money deposited under a lease. The facts are not in dispute. The cause was tried before the lower court without a jury.
The facts are that the appellant, as lessee, on May 5, 1952 executed a lease with E. E. Edwards and wife, as lessors, of certain business property in Coral Gables, Florida. The term of the lease was five years and was to expire on May 31, 1957. The lessors acknowledged receipt of a deposit from the lessee in the sum of $5,500 which, under the terms of the lease, was to be repaid to the lessee in six monthly installments to run concurrent with the rental payments due for the last six months of the term of the lease. On March 23, 1953, the lessors and the lessee executed a modification agreement which provided for subletting or assignment of the lease by the lessee, Hayes. Thereafter Hayes assigned all his right, title and interest in the lease to a corporation known as 100 Andalusia Ave., Inc. The assignee apparently went into possession of the leased premises and paid the stipulated rent provided for by the lease. In the assignment to 100 Andalusia Ave., Inc., the appellant, Hayes, made the following reservation: “ * * * this as *46 signment in no way assigns the rental security deposited with the lessors by Harold P. Hayes at the time of the execution of the original lease and agrees that at the time it has the privilege of availing itself of the rental security deposit * * * then at that time it will make rental payments to * * * Harold P. Hayes * *
The original lessors were not parties to the assignment made by Hayes nor does it appear that they had knowledge of the foregoing reservation. The original lessors and the assignee operated under the lease as assigned until April 8, 1954, when they executed an instrument whereby the as-signee surrendered the premises and the lessors accepted the surrender and waived any right to future rents from the as-signee and with the assignee surrendering any rights or benefits which it might have under the lease. The appellant, Playes, the original lessee, was not a party to this instrument surrendering the premises.
Appellant brought suit in the lower court to recover the $5,500 deposited with the lessors under the terms of the lease. In rendering final judgment against the appellant the able trial judge concluded that the terms of the assignment indicated that the assignor, Hayes, was looking to the as-signee for the return of the security deposit if and when installment payments were made as provided by the lease. In this conclusion we concur.
The appellant has urged the application of the rule in Kanter v. Safran, Fla.1953, 68 So.2d 553, 557, and Fla.1955, 82 So.2d 508, wherein it is stated:
“Of course, the parties may mutually agree to a surrender and acceptance of the leasehold estate without further liability on the part of the lessee, in which event there can be no recovery by the lessor of damages for the loss of future rents nor any damages other than those existing at the time of the termination of the lease.”
We are in accord with the soundness of the principle enunciated but find that it has no application to the facts in the instant case for the reason that the appellant here is no longer party in interest under the terms of the lease which he had assigned. The assignee of the lease who stood in the place and stead of the appellant, Hayes, after the assignment of the lease has apparently made no demand for the return of the deposit. Under the terms of the assignment of the lease the assignor (Hayes) has agreed that the assignee “ * * * has the privilege of availing itself of the rental security provisions under the terms of the lease dated May 5, 1952, * * It becomes evident to this Court, as it did to the trial judge, that Hayes, the assignor, was looking solely to the assignee for the return of the security deposit at such time and under such conditions as the deposit should, by the terms of the lease, be returned.
In the final analysis, the assignment between Hayes and his assignee, to which the landlord or appellees were not parties, was a private agreement and enforceable only against the parties in privity with each other. Certainly a private agreement between a lessee and an assignee of the lease could not affect the lessors’ rights under the terms of an existing lease especially where he was not a party to such agreement. 51 C.J.S. Landlord and Tenant § 42, p. 564. The appellant obviously intended to assign the full term of the lease to his assignee and, in so doing, such assignment carried with it all of the covenants, agreements and conditions of the lease. The appellant’s assignee elected to surrender the leasehold estate short of its expiration date and the lessors elected to accept such surrender. This created contractual rights between the parties, the effect and intent of which could only be ascertained from the agreement itself. See Kanter v. Safran, supra. We conclude that the appellant and his assignee contracted for the return of the security monies deposited under the terms of the lease in a manner consistent with its repayment as provided by the lease, and the appellant’s *47 assignee having elected to surrender the premises before the provisions of the lease providing for the return of the deposit became effective, the appellant’s recourse, if any, was against his assignee under the contractual relationship created by the assignment. Having so concluded it follows that the judgment appealed from should be and is hereby affirmed.
Affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.