ROSA ROSENFELD, Respondent, *v.* HYMAN AARON et al.,
Appellants.

Real property — landlord and tenant — lease — deposit as
security that tenant will conform to provisions — conveyance
of property and security — covenant to return security passed
to grantee subject to terms of lease — deposit may be retained
until right to hold it as security has terminated — meaning
of word "re-enter" in clause providing for re-entry by landlord
upon violation by tenant of terms of lease — action to recover
security premature where option to relet has been neither
extinguished nor abandoned.

1. Where an owner of real property, who had received a deposit of
money as security on a lease thereof, sold the premises subject to the
lease and turned over the deposit to his grantee, who assumed the
grantor's obligation for the return of the security and agreed to indem-
nify him against any claim of the tenants therefor, the covenant to
return passed to the grantee, subject to the terms of the lease and
where the time has not arrived at which the grantor is bound to return
the deposit, he and his grantee are not bound to return it merely
because the premises have been conveyed. The deposit may be
retained until the right to hold it as security has terminated. (*Fallert
Brewing Co.* v. *Blass*, 119 App. Div. 53, distinguished.)

2. Where by a clause in the lease it was provided that in the event
the tenant shall violate or omit to perform any of the covenants or
conditions thereof, "the landlord * * * may re-enter the same
either by force or otherwise * * * and may either elect to ter-
minate this lease or term or may relet the said premises at any time
as the agent of the tenant," the word "re-enter," as used, should be
given its natural rather than its common-law meaning and thus sur-
vives dispossess proceedings whereby the grantee was enabled to take
possession of the premises. And it being the agreement of the parties
that the landlord may relet "at any time," unless it appears that he
has by some affirmative act terminated the lease, he may keep it
alive for its entire term for the purpose of reletting. An action to
recover the security is prematurely brought, therefore, where nothing
in the record justifies the conclusion that the option to relet has been
extinguished or abandoned. (*Anzolone* v. *Paskusz*, 96 App. Div. 188,
approved.)

*Rosenfeld* v. *Aaron*, 223 App. Div. 710, reversed.

(Argued June 18, 1928; decided July 19, 1928.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 27, 1928, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

*Joseph J. Schwartz* for Hyman Aaron, appellant. The conveyance of the property by Aaron to Mazer did not terminate the tenants' obligations under the lease, and Mazer was entitled to have the security held for his benefit. (*Mauro* v. *Alvino*, 90 Misc. Rep. 328; *Kottler* v. *N. Y. Bargain House, Inc.*, 242 N. Y. 37; *Marklove* v. *Utica C. & B. Co.*, 48 Misc. Rep. 269.) Defendant Aaron was entitled to the benefit of any counterclaim or setoff existing in favor of Mazer against the plaintiff or her assignors. (*Iroquois Door Co.* v. *Leavenworth Apartment Co.*, 77 Misc. Rep. 462; *Kneuper Specialty Co.* v. *Kneuper*, 171 App. Div. 555; *Nat. Surety Co.* v. *Seaich*, 171 App. Div. 414; *Wiener* v. *Boehm*, 126 App. Div. 703; *Paris* v. *Lawyers Title Co.*, 206 N. Y. 637.)

*Andrew F. Van Thun, Jr.*, for Abraham Mazer, appellant. Paragraphs " eighth " and " ninth " of the lease are so drawn that liability of the tenants for damage arising from any deficiency in the rent reserved resulting from reletting the premises until September 1, 1930, survives the termination of the relation of landlord and tenant by summary proceedings to recover possession for non-payment of rent, and permits the retention of the deposit until September 1, 1930, as security for the payment and reimbursement to the landlord of any deficiency existing at that time. (*Lenco, Inc.*, v. *Hirschfeld*, 247 N. Y. 44; *Kottler* v. *N. Y. Bargain House, Inc.*, 242 N. Y. 28; *Darmstadt* v. *Knickerbocker Chandelier & El. S. Co.*, 188 App. Div. 129; *Halpern* v. *Manhattan Ave. Theatre Corp.*, 220 N. Y. 655.) The plaintiff, having adopted the agreement of Mazer made for the benefit of her assignors to return the deposit in accordance with the

terms of the lease, is bound thereby. She cannot have the benefit of it without assuming its terms including those of the lease which is made part of it. (*Alexander v. Equitable Life Assur. Society*, 233 N. Y. 300; *Dunning v. Leavitt*, 85 N. Y. 30; *Arnold* v. *Nichols*, 64 N. Y. 117; Williston on Contracts, § 394; *Lane & Co.* v. *United Oil Cloth Co.*, 103 App. Div. 378; *DeWitt* v. *Monjo*, 46 App. Div. 533.) The trial justice erred in holding that the agreement for the return of the deposit contained in the lease was personal to Aaron; that Mazer, as grantee of the reversion and the landlord of the plaintiff's assignors, was not a party interested in the deposit agreement nor entitled to hold the deposit according to the terms of the lease; and that Mazer was liable to the plaintiff for the return of the deposit before September 1, 1930, because he assumed the obligation of Aaron to repay the same. (*Vyvyan* v. *Arthur*, 1 Barn. & C. 410; *Douglaston Realty Co.* v. *Hess*, 124 App. Div. 508; *Adler* v. *Lowenstein*, 52 Misc. Rep. 556; *Mauro* v. *Alvino*, 90 Misc. Rep. 328.) This action as against the defendant Mazer is premature. The recovery of the deposit must abide the liquidation of the loss. (*Lenco, Inc.*, v. *Hirschfeld*, 247 N. Y. 44.)

*Bennett E. Siegelstein* for respondent. The lease ended and the relationship of landlord and tenant ceased when the summary proceedings were instituted, and the tenant removed from the premises; liability of the tenants to pay rent came to an end, there being no survival clause contained in the lease. (*Tepper* v. *Minsker Realty Co.*, 156 N. Y. Supp. 667; *Atterbury* v. *Bank of Washington Heights*, 206 N. Y. Supp. 647; *Seidlitz* v. *Auerbach*, 230 N. Y. 167; *Hoffman Brewing Co.* v. *Wuttge*, 234 N. Y. 469; *Cornwell* v. *Sanford*, 222 N. Y. 248; *Michaels* v. *Fishel*, 169 N. Y. 381; *Claude* v. *Shepard*, 122 N. Y. 397; *Wolf* v. *Rudinsky*, 135 App. Div. 172; *Caesar* v. *Rubinson*, 174 N. Y. 492; *Feinsot* v. *Burstein*, 138 N. Y. Supp. 185.)

The action was not premature, and plaintiff's assignors were justified in seeking the return of the security after the termination of the lease by the summary proceedings instituted by the landlord. (*Richards* v. *Browning,* 214 App. Div. 665; 212 N. Y. Supp. 738; *Albert Garage Co., Inc.,* v. *Coan,* N. Y. L. J. June 4, 1927; *Lenco, Inc.,* v. *Hirschfeld,* 247 N. Y. 44; *Halpern* v. *Manhattan Ave. Theatre Corp.,* 220 N. Y. 655; *Blumberg* v. *Corday,* 160 N. Y. Supp. 613; *Cohen* v. *Birns,* 170 N. Y. Supp. 560.) Plaintiff never intended to relinquish nor did she release any rights enforceable against Aaron by alleging an additional claim against Mazer. (*Rosenfeld* v. *Aaron,* 202 N. Y. Supp. 950.)

Pound, J. The action is brought to recover a deposit of $6,000 given as security on a lease of a public garage dated August 5, 1920, for a term of ten years expiring August 31, 1930, made by defendant Aaron to Beringer and Peel. The lease was assigned to Donnelly and Peel, who are plaintiff's assignors of the deposit. Defendant Aaron sold the leased premises and the lease to defendant Mazer who, to induce Aaron to turn the deposit over to him, assumed Aaron's obligation for the return of the security and agreed to indemnify him against any claim of the tenants therefor. Mazer afterwards instituted dispossess proceedings against the tenants and under tenant for non-payment of rent and obtained a final order in summary proceedings in the Municipal Court of the city of New York on March 25, 1923. This action was begun in June, 1923, as against Aaron and in March, 1924, against defendant Mazer. No counterclaim or setoff was pleaded by either defendant. The principal defense is that the action is prematurely brought.

The trial court directed judgment in favor of plaintiff against the defendants and in favor of the defendant Aaron against the defendant Mazer, on the ground that the obligation to return the deposit was personal and did

not run with the land. Aaron was held liable to return the deposit because he no longer owned the land and Mazer because he had agreed to indemnify Aaron This conclusion was arrived at on the authority of *Fallert Brewing Co., Ltd.* v. *Blass* (119 App. Div. 53). In that case, however, the deposit never came into the possession of the grantee of the original lessor. The grantee of the land, it was held, could not compel the grantor to pay the deposit over to him. Here the grantee received the deposit and agreed to indemnify the original landlord. The covenant to return passed to the grantee, subject to the terms of the lease. If the time has not yet arrived at which the landlord is bound to return the deposit, the landlord and his grantee are still in a position to obtain a benefit from holding it in accordance with the terms upon which it was made (*Mauro* v. *Alvino*, 90 Misc. Rep. 328, 330; *Kottler* v. *N. Y. Bargain House, Inc.*, 242 N. Y. 28, 37), and they are not bound to return it merely because the leased premises have been conveyed by the lessor. The deposit may be retained until the right to hold it as security has terminated.

The Appellate Division affirmed without opinion.

The question remains whether paragraph ninth of the lease survives dispossession in summary proceedings. It reads as follows:

"*Ninth.* Tenants have deposited with the landlord the sum of Six thousand (6,000) Dollars, same to be held by the landlord as and for security for the payment of the rent agreed to be paid hereunder and for the reimbursement of the landlord for any expense or damage incurred or suffered because of the failure of the tenants to keep and perform the covenants and conditions of the agreement herein contained and the landlord will return the same to the tenants on the 1st day of September 1930, with interest thereon at the rate of four (4%) per cent per annum payable annually if the tenant shall then have vacated the said premises and shall have in all respects

complied with the covenants and conditions of the agreement herein contained."

Paragraph eighth of the lease reads as follows:

"*Eighth.* In case the tenant shall violate or omit to perform. any of the covenants or conditions herein contained or in case the said premises shall become vacant or shall be abandoned or deserted by the tenant, the landlord, or any other person by his order, may re-enter the same, either by force or otherwise, without being liable to any prosecution therefor and may either elect to terminate this lease or term, or may re-let the said premises at any time as the agent of the tenant or otherwise for whatever rent he shall obtain, applying the avails of such letting first to the payment of such expenses as the landlord may be put to in re-entering and re-letting, and then to the payment of the rent due hereunder and the fulfillment of the tenants' covenants, and paying over to the tenants the balance, if any; and in case of a deficiency the tenants shall remain liable therefor."

No warrant was issued in the dispossess proceedings but the removal of the tenants after the issuance and service of the precept therein, whereby the landlord was enabled to take peaceful possession of the premises, canceled and annulled the lease, except as the landlord had by a proper survivorship clause reserved the option to keep it alive for the purpose of reletting and holding the tenants for the deficiency. (*Cornwell* v. *Sanford*, 222 N. Y. 248; *Hoffman Brewing Co.* v. *Wuttge*, 234 N. Y. 469; *Seidlitz* v. *Auerbach*, 230 N. Y. 167.)

It has been held that the word " re-enter," as used in a lease reserving to the lessors the right of re-entry upon default in payment of rent merely, does not, for reasons rooted in the feudal law, cover the removal of the lessee by statutory summary proceedings whereby the lease is terminated (Civ. Prac. Act, § 1434; *Michaels* v. *Fishel*, 169 N. Y. 381), but applies only to such re-entries as do not put an end to the lease, as, *e. g.*, when the premises

become vacant before dispossess proceedings are begun. (*Kottler* v. *N. Y. Bargain House, Inc.*, *supra*.)

The lease may, however, contain a provision making the deposit security for damages after dispossess proceedings. (*Lenco, Inc.*, v. *Hirschfeld*, 247 N. Y. 44.) In *Baylies* v. *Ingram* (84 App. Div. 360; affd., 181 N. Y. 518) it was held that the words the lessor " shall have the right to enter the said premises, either *by process of law* or otherwise,"· in case of non-payment of rent or default " in any of the covenants or agreements herein contained," survived the ejection of the lessee by summary proceedings. In *Anzolone* v. *Paskusz* (96 App. Div. 188) the words were, as in the lease now before us, " re-enter the same [premises] either by force or otherwise." The court said:

"Although there may be a strict rule of law applicable generally to the construction of covenants in leases, yet, where from a survey of the whole instrument it appears that the parties intended that the strict rule should not apply, force will not be given to it. * * * In this case the parties to the original leases plainly indicated what they meant by the word ' re-enter,' and with that expression of their intention the technical common-law meaning of the word as used in ancient instruments is displaced. Here the word ' re-enter ' in the 1st clause is associated with other words, which indicate that the re-entry contemplated means repossession. The words are ' re-enter the same either by force or otherwise.' The association of the word ' otherwise ' with the word ' re-enter ' sufficiently indicates that it does not mean a re-entry under one single method, as in an action of ejectment. The word ' otherwise ' necessarily broadens the signification of the word ' re-enter ' and prevents its limitation to the technical definition of that word."

This decision, while never reviewed by this court, has been cited without disapproval in *Halpern* v. *Manhattan Ave. Theatre Corp.*· (220 N. Y. 655) and followed in the

lower courts. (*Ashton Holding Co.* v. *Ross*, 98 Misc. Rep. 586.) We now adopt the holding and the reasoning thereon. The security clause is framed to cover the violation or omission to perform any of the covenants or conditions of the lease rather than default in the payment of rent merely. The word "re-enter," as used in the lease, should be given its natural meaning rather than its technical common-law meaning. Thus read, it survives the dispossess proceedings.

After re-entry, the landlord might either "terminate this lease or term" or "relet said premises *at any time* as the agent of the tenant or otherwise." The unexpired term of the lease was some seven years when the landlord took possession. We might require an election either to terminate or relet within a reasonable time (*Lenco, Inc.,* v. *Hirschfeld, supra,* p. 50) if it were not for the fact that the landlord reserved the right to relet the premises "at any time" during the term of the lease. We must give due force to every word of the covenant, if possible. (*Matter of Buechner,* 226 N. Y. 440.) By the agreement of the parties, the landlord may keep the lease alive for its entire term for the purpose of reletting. Until it appears that he has, by some affirmative act, terminated the lease, his right to relet survives until August 31, 1930. It does not appear that the lease has come to an end. "Nothing in the record justifies the conclusion that the option to relet was extinguished or abandoned." (*Lenco, Inc.,* v. *Hirschfeld, supra,* p. 50.) The action is prematurely brought.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., ANDREWS and O'BRIEN, JJ., concur; LEHMAN and KELLOGG, JJ., dissent on the ground that the landlord elected to terminate the lease before he relet; CRANE, J., not sitting.

Judgments reversed, etc.