THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ESTHER CALEF, Defendant.

Court of General Sessions, New York County, April 25, 1932.

*Thomas C. T. Crain, District Attorney [Felix C. Benvenga of counsel], for the plaintiff.*

*Joseph D. Kelly, for the defendant.*

ROSALSKY, J. The motion to set aside the indictment is granted upon the ground that the evidence before the grand jury fails to establish that the defendant misappropriated the $260 deposited with her by Joseph Wiegand as security for the faithful performance by the latter of the terms of a lease (Penal Law, § 1302-a), which amount was to be returned to Wiegand at the expiration of the lease on October 31, 1933.

While the evidence before the grand jury shows that on June 18, 1931, the property covered by the lease was sold pursuant to a judgment of foreclosure of the mortgage made by the defendant, the record is barren of any evidence that Wiegand was made a party to the foreclosure action, so as to cut off his lease. This is fatal to the prosecution, since there would be no breach of the covenant of quiet enjoyment. (*Metropolitan Life Ins. Co. v. Childs Co.*, 230 N. Y. 285, 289, 290.) In this case Judge ANDREWS wrote: " As a general rule a tenant is liable under his contract of lease until he is evicted. * * * If * * * he is not a party to the action his rights are not affected. There is never an eviction. * * * where he is not a party his interests are not touched."

The lease made by the defendant to Wiegand is still in force notwithstanding that the property was sold pursuant to a judgment of foreclosure. By the very terms of the lease the defendant has agreed to return the deposit only at its expiration and that time has not yet arrived. There is, therefore, no legal obligation on the part of the defendant to return the deposit to Wiegand until October 31, 1933. (*Rosenfeld v. Aaron*, 248 N. Y. 437, 441.)

Leave is hereby granted to the district attorney to resubmit the charge to the same or another grand jury.