FILIPPO BASIRICO, Plaintiff, *v.* CHARLES E. ZAHN, Defendant.

City Court of New York, Kings County, December 1, 1932.

---

* Subd. 8 added by Laws of 1932, chap. 304.

*Thomas L. Driscoll,* for the plaintiff.

*Stephen F. Burkard,* for the defendant.

FENNELLY, J. This is a motion made by defendant for judgment on the pleadings under rule 112 of the Rules of Civil Practice. The action was brought to recover rent for a garage amounting to $2,150, to wit, balance of $550 claimed to be due on the 10th day of July, and $800 claimed to be due on the 10th days of August, and September, 1932, respectively under the terms of a written lease which commenced September 10, 1930, and expired September 10, 1940.

The plaintiff credits defendant with an allowance of $140 for the accrued interest due him upon the sum of $7,000 deposited as security under the terms of the lease, so that plaintiff's net claim amounts to $2,010.

The defendant counterclaims for the amount of the security deposit of $7,000, less the amount due for rent, on the ground that the lease was terminated by the acts of the parties thereto, and that no right survived in the landlord to recover for any subsequent deficiencies resulting from the future renting of the premises.

The plaintiff herein instituted a summary proceeding to dispossess the defendant for non-payment of rent and a precept and a copy of the petition was served on the defendant on September 6, 1932. No final order was entered or warrant issued, but on September 22, 1932, an order was entered discontinuing the proceeding, and on September 24, 1932, and before the service of the papers in this action, a copy of the order of discontinuance was personally served on the defendant. On September 30, 1932, the defendant vacated the premises.

It has been held that the removal of a tenant after the service

of a precept and before the entry of the final order directing the issuance of a warrant, or the removal of a tenant either after the entry of the order directing the issuance of the warrant, or after the issuance of the warrant itself and before its execution, effects a cancellation of the lease.

In none of the cases so holding have we the circumstance that before the removal of the tenant the summary proceeding was discontinued.

In the case of *Baldwin* v. *Thibadeau* (28 Abb. [N. C.] 14) we have the dicta that "Nothing short of a withdrawal of the proceedings, however, and notice of it to the tenant before the latter has complied with the precept by removal, should be permitted to have the effect of giving continuity to the lease."

This dicta has been repudiated, if not directly at least impliedly, in *Cornwell* v. *Sanford* (222 N. Y. 248, at p. 255) in the following language: "The defendant had the right to accept and act upon the determination of the plaintiff declared through the service of the precept that the plaintiff would repossess himself of the property. (See *Baldwin* v. *Thibadeau*, 28 Abb. [N. C.] 14.) Such right was not subject to a repentance or waiver on the part of the plaintiff."

I reach the conclusion under the reasoning of the authorities and the principles involved, that in this case by the acts of the parties there was a cancellation of the lease.

In my view, when plaintiff served a precept on the defendant demanding his removal from the premises he impliedly agreed that he would accept the removal of the defendant from the premises as a cancellation of the lease, at least if the removal of the defendant was within a reasonable time of the demand made in the precept. It can hardly be disputed that the removal within twenty-four days and before another month's rent accrued would be a reasonable time.

As to the other question presented, that is whether or not a right survived in the landlord to recover for any subsequent deficiencies resulting from the future renting of the premises, we must examine the terms of the security clause in the lease.

The tenant deposited the sum of $7,000 as security for the faithful performance of the terms and conditions of the lease. Clause ninth of the lease is as follows:

"*Ninth.* That if said premises or any part thereof shall become vacant during the said term, the landlord or his representatives may re-enter the same, either by force or otherwise, without being liable to prosecution therefor, and re-let the said premises as the agent of the said tenant and receive the rent thereof, applying the same, first to the payment of such expense as it may be put

to in re-entering and then to the payment of the rent due by these presents, the balance, if any, to be paid over to the tenant who will remain liable for any deficiency."

In *Michaels* v. *Fishel* (169 N. Y. 381) it was held that the word " re-enter," as used in a lease reserving to the lessors the right of re-entry upon default in payment of rent merely, does not cover the removal of the lessee by statutory summary proceedings whereby the lease is terminated, but that because of its common-law phrasing it should be construed to mean a re-entry by the common-law action of ejectment. Since the covenant for the payment of any deficiency rested wholly upon such a re-entry, it did not survive.

The clause in the lease under consideration provides for re-entry by force or otherwise.

In *Rosenfeld* v. *Aron* (248 N. Y. 437) the court in construing a similar clause held that the addition of the words " or otherwise " broadened the significance of the word " re-enter " to contemplate repossession, and prevented its limitation to the common-law action of ejectment. Under this wording it was held that the covenant for the payment of any deficiency survived.

The lessor has, therefore, the right to hold this security for damages, which can only be determined upon the expiration of the period for which this lease by its terms is to run. Plaintiff is entitled to a dismissal of the counterclaim as premature and for partial summary judgment in the sum of $1,210, being the rent due for July 10 and August 10, 1932, after making deductions for the $250 paid on account of rent and the $140 representing accrued interest on the security deposit. The action is to be severed as to the claim for occupation from September 10, 1932, to the date of actual removal of the tenant, unless by stipulation filed, the parties agree that the value for use and occupation is the prorated, stipulated rent.