FILIPPO BASIRICO, Plaintiff, *v.* CHARLES E. ZAHN, Defendant.

City Court of New York, Kings County, December 29, 1932.

*Thomas L. Driscoll,* for the plaintiff.

*Stephen F. Burkard,* for the defendant.

FENNELLY, J. This is a reargument of a motion heretofore decided (145 Misc. 637). The court held in deciding the original

motion that a cancellation of the lease had been effected by the tenant removing from the premises after service of a precept in summary proceedings.

As to the other question presented, as to whether or not a right survived in the landlord to recover for any subsequent deficiencies resulting from the future renting of the premises, the defendant sets forth that the case of *Kottler* v. *New York Bargain House, Inc.* (242 N. Y. 28) was not called to the court's attention, and that a reading of this case in conjunction with *Rosenfeld* v. *Aaron* (248 N. Y. 437) would lead to the conclusion that no right survived.

The clause under consideration provided that if the premises became vacant during the term the landlord could re-enter the same, either by force or otherwise, and relet the premises as agent of the tenant and receive the rent thereof, applying the same, first to the payment of such expense as he may be put to in re-entering and then to the payment of the rent due by these presents, the balance, if any, to be paid over to the tenant who will remain liable for any deficiency.

It is precisely the clause under consideration in *Kottler* v. *New York Bargain House, Inc.* (*supra*). The clause under consideration in *Rosenfeld* v. *Aron* (*supra*) is much broader and clearly distinguishable.

In *Kottler* v. *New York Bargain House, Inc.*, it was held that this clause only applied in the single situation that the premises became vacant during the term.

In this case, where the cancellation was effected by the removal of the tenant, the most that can be said is that the removal itself ended the term. The covenant to hold the tenant for deficiencies in rent does not in this case survive the cancellation. A consideration of the security deposit clauses in the lease does not change this situation.

As to the last month's rent, which became due on September 10, 1932, and as to which defendant claims that plaintiff should only be allowed for use and occupation up to September 30, 1932, the time of the removal of the tenant, the full month's rent is allowed plaintiff. As no warrant was ever issued in the summary proceedings, section 1434 of the Civil Practice Act does not apply.

The defendant is entitled to judgment upon his counterclaim for the sum of $7,000, less the sum of $2,010, being the rent due on July 10, August 10 and September 10, 1932, after making deductions for the $250 paid on account of rent and the $140, representing accrued interest on the security deposit.

Submit order upon two days' notice of settlement.