JOHN J. TALBOT, Plaintiff, *v.* JOHN W. E. RAWLS et al.,
Defendants.

City Court of New Rochelle, May 13, 1949.

*Schrenkeisen & Kettner* for plaintiff.

*James E. Kelliher* for John W. E. Rawls, defendant.

RUBIN, J. The action is one to recover two monthly installments of rent under a written lease. There is no dispute about the facts. The individual defendant raises the question that because the landlord dispossessed the tenant for nonpayment of rent, the tenant may now require the setoff of security received under the lease even though the date originally fixed for the termination of the lease has not yet arrived.

The argument of the tenant, in effect, is that by defaulting in his rent and compelling the landlord to resort to summary proceedings he can accelerate the date for the return of the security as originally fixed in the lease, even though the security was intended for performance of many other covenants exclusive of the covenant to pay rent.

The defendant relies primarily on the decision in *Seidlitz* v. *Auerbach* (230 N. Y. 167). Examination of that decision shows that it is not applicable because the landlord, now appearing as plaintiff, does not claim that the amount of security may be retained by him as liquidated damages regardless of the amount of damage eventually proven to have been suffered by the plaintiff.

In this court's opinion, the language of the lease involved in this case is sufficient to indicate that the security was posted for the performance of all of the covenants on the tenant's part

in the lease and that it clearly contemplated that the security should be retained by the landlord until the entire original term had expired and the tenant had demonstrated performance of his several covenants. Any other interpretation would defeat the obvious purpose of a landlord exacting security in connection with a long term lease.

The decision of the Court of Appeals in *Rosenfeld* v. *Aaron* (248 N. Y. 437) is apparently complete authority for this court's holding that there was no such re-entry on the part of the landlord as to defeat his right to continue in possession of the security until the end of the original term.

The facts in the instant case are comparable to the *Rosenfeld* case (*supra*) and on the authority of that opinion, this court grants judgment to the plaintiff as prayed for in the complaint against the individual defendant John W. E. Rawls.