Quinn, J.
(concurring). I concur fully in the opinion affirming the judgment and order of the Civil Court. Taking note of the dissent, it may be pertinently observed in addition that the landlord’s re-entry under a final order in summary proceedings does not necessarily cancel or constitute a termination of the lease, particularly when, as here, the provisions of the lease explicitly give the landlord the option of terminating the lease or keeping the lease alive and reletting at any time as he sees fit. ‘ ‘ By the agreement of the parties, the landlord may keep the lease alive for its entire term for the purpose of reletting. ’ ’ (Rosenfeld v. Aaron, 248 N. Y. 437, 444.) “It is settled law that ‘ the lessor is not required to lease to another if he have an opportunity. ’ (Becar v. Flues, 64 N. Y. 518.) The usual obligation to reduce damages ‘ has no application to a contract of leasing, as the latter is governed by peculiar and entirely different rules. ’ ’ (Gray v. Kaufman Dairy & Ice Cream Co., 9 App. Div. 115, 119.) * * * The defendant’s absolute covenant [as *917 assignor-surety] to pay any rent which was not paid by the tenant is, therefore, unaffected by the landlord’s refusal to lease to a new tenant.” (Sancourt Realty Corp. v. Dowling, 220 App. Div. 660.) The foregoing cases epitomize the subsisting law on the extraneous issues raised by the dissent. It is the law as impliedly accepted, followed and in some instances reiterated in the very cases cited in the dissenting memorandum, such as Hermitage Co. v. Levine (248 N. Y. 333) ; Lenco, Inc. v. Hirschfeld (247 N. Y. 44); Kottler v. New York Bargain House (242 N. Y. 28); Seidlitz v. Auerbach (230 N. Y. 167), etc. Culling fragmen-. tary expressions here and there from these latter cases which, though dealing with somewhat collaterally similar questions, are not directly in point, fails as a proper basis for the diverging views and inferences drawn by the dissent.