**In re SEATRAIN LINES, INC., Debtor.**

**Bankruptcy No. 81 B 10311.**

United States Bankruptcy Court,
S. D. New York.

July 19, 1982.

Stroock & Stroock & Lavan, New York City, for debtor.

Carb, Luria, Glassner, Cook & Kufeld, New York City, for CLICK.

## DECISION ON MOTION FOR PARTIAL SUMMARY JUDGMENT

EDWARD J. RYAN, Bankruptcy Judge.

The motion by debtor, Seatrain Lines, Inc. ("Seatrain"), for partial summary judgment against claimant, Commerce Labor Industry Corporation of Kings ("CLICK"), expunging certain items from CLICK's Claim No. 3816, pursuant to Bankruptcy Rule 756 and Rule 56 of the Federal Rules of Civil Procedure ("FRCP"), is denied.

On February 11, 1981 (the "Filing Date"), a petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101, *et seq.* (the "Code"), was filed against Seatrain. On that same date, Seatrain consented to the entry of an order for relief and an order for relief was granted as of the Filing Date. Seatrain has continued in possession of its property and is now operating its business as a debtor in possession.

Prior to the filing, in March 1969, CLICK entered into a lease with Seatrain Shipbuilding Corporation ("Shipbuilding"), a subsidiary of Seatrain, whereby Shipbuilding leased from CLICK portions of the New York Naval Yard ("the Yard"). The term of the lease was for twenty years. Seatrain guaranteed, to the extent of $2 million, certain obligations of Shipbuilding under the lease. Shipbuilding operated at the premises, erecting buildings, repairing docks, and making other improvements to the Yard until approximately May 1, 1979.

On or about May 1, 1979, Shipbuilding ceased its operations at the Yard.[1] In December 1980, CLICK commenced a summary proceeding in Civil Court of the State of New York, County of Kings, to evict Shipbuilding for non-payment of rent for November and December of 1980. Shipbuilding consented to the entry of a final judgment awarding CLICK possession of the Yard and the immediate issuance of a warrant of eviction. The warrant of eviction was entered on January 23, 1981.

Subsequent to the Filing Date, CLICK filed its Notice of Claim in the Seatrain proceeding in the amount of $24,004,157.67. The claim breaks down as follows:

| | | |
|---|---|---|
| (A) | $13,346,999.00 | accelerated rent and liquidated damages |
| (B) | $10,153,000.00 | cost to cure facility deficiencies |
| (C) | $ 315,604.05 | back rent |

1. When financial conditions forced Shipbuilding to begin winding down its operations, it entered into negotiations with Coastal Dry Dock & Repair Corp. ("Coastal"), who was willing to take over Shipbuilding's lease, in part directly from CLICK and in part by sublease from Shipbuilding. Coastal would have paid Shipbuilding's rental obligations and, in addition, would have paid Shipbuilding $602,000 per year, for twenty-nine years, to compensate Shipbuilding for its renovations to the Yard. CLICK did not consent to the arrangement.

2. Seatrain's motion for partial summary judgment with respect to its $2 million guarantee is to be held in abeyance until it is determined whether the Shipbuilding and Seatrain cases are to be consolidated. If there is a consolidation there would be no $2 million limitation.

| | | |
|---|---|---|
| (D) | $ 187,795.16 | utilities |
| (E) | $ 758.48 | job charges |

■ Seatrain's motion for partial summary jdugment is limited to the $13,346,999 claimed for accelerated rent and liquidated damages.[2] Seatrain contends that a landlord is not entitled to receive rent payments after a lease is terminated by summary proceeding unless the parties had previously agreed to the inclusion of a specific survival of liability clause in the lease, to wit: that the tenant shall remain liable for future rent payments despite termination of the tenancy by summary proceeding. It is Seatrain's contention that there was no specific written agreement in the lease providing for such payments and, therefore, CLICK is not entitled to recover for future rent payments. If a tenant has not agreed to be liable for future payments once the landlord-tenant relationship has been dissolved then he will not be held liable to the landlord. *Rosenfeld v. Aaron*, 248 N.Y. 437, 162 N.E. 478 (1928), *remittur amd* 249 N.Y. 512, 164 N.E. 565 (1928).

CLICK does not contest Seatrain's proposition that the absence of a survival of liability clause is fatal to a landlord's claim for future rent and damages. However, CLICK does claim that the lease between CLICK and Shipbuilding contains two survival of liability clauses, one specific as to summary proceedings. The first, Article 10.1(1) of the lease,[3] provides for the recov-

3. Article 10.1(1) of the lease provides, in part, that in the event of any default, as defined in Article 9, CLICK may require Seatrain to:

... pay to CLICK as liquidated damages for the failure of LESSEE to observe and perform said LESSEE's covenants herein contained, any deficiency between the rent hereby reserved and/or covenanted to be paid, and the net amount, if any, of the rents collected on account of the lease or leases of the demised premises for each month of the period which would otherwise have constituted the balance of the term of this lease. The failure or refusal of CLICK to re-let the premises or any part or part thereof shall not release or affect LESSEE's liability for damages.

... In the event of a breach or threatened breach by LESSEE of any of the covenants or provisions hereof, CLICK shall have the right of injunction and the right to invoke any

ery by CLICK of future rent payments in the event of any default by Seatrain. It is CLICK's contention that this provision clearly contemplates the survival of Seatrain's obligations under the lease upon its default, regardless of the method of termination chosen by CLICK. The second, Article 10.1(2) of the lease,[4] according to CLICK is a survival of liability clause which is a more specific statement of CLICK's right to recover damages upon Seatrain's default should CLICK terminate the lease by written notice. CLICK contends that termination of the lease by summary proceeding was provided for in Article 10.1(1) and, therefore, Seatrain is liable for future rent and damages under the lease.

█ FRCP 56(c), made applicable to this proceeding by Bankruptcy Rule 756, states, in pertinent part, that a judgment favorable to the movant "shall be rendered" if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In other words, where the facts, as presented in the pleading, affidavits and other materials are so forcefully homogeneous that there are no facts left in dispute, summary judgment is appropriate. However, absent such consonance of material facts, summary judgment is inappropriate. *See, e.g., Friedman v. Meyers,* 482 F.2d 435, 439 (2d Cir. 1973); *American Mfrs. Mut. Ins. Co. v. American Broadcasting—Paramount Theaters, Inc.,* 388 F.2d 272, 279 (2d Cir. 1967), *on remand* 45 F.R.D. 38 (S.D.N.Y. 1968), *later app.* 446 F.2d 1131 (2d Cir. 1971), *cert. denied* 404 U.S. 1063, 92 S.Ct. 737, 30 L.Ed.2d 752 (1972). Furthermore, where any doubts exist concerning material facts, the court must favor the party adverse to the motion for summary judgment. *Friedman, supra,* at 439; *Heyman v. Com-*

*merce and Industry Insurance Co.,* 524 F.2d 1317, 1320, 1321 (2d Cir. 1975).

█ In this proceeding, the court cannot rule that there are no triable issues of fact. It has long been the practice of this court to deny summary judgment where ambiguous contract provisions are at issue, *e.g., Schiess-Froriep Corp. v. S. S. Finnsailor, et al.,* 574 F.2d 123 (2d Cir. 1977); *Heyman v. Commerce and Industry Insurance Co., supra; Socony Mobile Oil Co. v. Humble Oil and Refining Co.,* 387 F.2d 155 (10th Cir. 1967). According to *Socony, supra,* at 157, "A contract is ambiguous if after a consideration of the entire instrument, the provisions in controversy are susceptible of more than one meaning." It is clear from the memoranda submitted by the parties and from the record of the hearing held on February 2, 1982, that the provisions in question are susceptible of more than one meaning and present questions of fact and intent regarding the interpretation of the lease.

It is CLICK's contention that the reference to summary proceedings in Article 10.-1(1) is a sufficiently specific survival of liability provision. Conversely, Seatrain asserts that it never intended to have a survival of liability clause concerning summary proceedings encompassed within the lease. This apparent conflict of intent and interpretation of the lease requires an evidentiary hearing.

This court agrees that "the parties have a right to present oral testimony or other extrinsic evidence at trial to aid in interpreting a contract whose provisions are not wholly unambiguous." *Heyman, supra,* at 1320, citing *Asheville Mica Co. v. Commodity Credit Corp.,* 335 F.2d 768, 770 (2d Cir. 1964). The issue of the parties' intent with

remedy allowed at law or in equity as if re-entry, summary proceedings and other remedies were not herein provided for. Mention in this lease of any particular remedy, shall not preclude CLICK from any other remedy, in law or in equity.

4. Article 10.1(2) provides, *inter alia,* that in the event of any default by Seatrain, CLICK:

(2) May by notice in writing terminate the lease and the term hereby created shall determine and become absolutely void without any right on the part of the LESSEE to save the forfeiture by payment of any sum due or by other performance of any condition, term or covenant broken; thereupon CLICK shall be entitled to recover damages for such breach in an amount equal to the amount of rent reserved for the balance of the term of this lease.

respect to the provisions in the lease is best resolved at trial.

CLICK's cross-motion is granted to the extent of denying Seatrain's motion for partial summary judgment. It is this court's understanding that the portion of CLICK's cross-motion seeking a continuance of discovery is presently not an issue since, at the hearing held on February 2, 1982, it was indicated that discovery would be ongoing.

Accordingly, the debtor's motion for partial summary judgment is denied.

Settle an appropriate order.